MERRITT, Circuit Judge.
 

 In this large Chapter 11 reorganization proceeding, the procedural history of which we have described in more detail in earlier opinions,
 
 see White Motor Corporation v. Citibank,
 
 704 F.2d 254 (6th Cir.1983), reversing 23 B.R. 276, approximately 160 separate, unliquidated and contingent products liability personal injury cases have been filed in various state and federal courts against the debtor, White Motor Corp., a truck manufacturer. The issues before us now relate to the procedures that should be followed in liquidating the contingent tort claims filed in this Chapter 11 proceeding in light of congressional enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (1984).
 

 In an earlier opinion dealing in part with these tort cases,
 
 White Motor, supra,
 
 an opinion published prior to the adoption of the 1984 Bankruptcy Act, we instructed the District Court under the law at that time that the unliquidated tort claims could be liquidated by trial in the District Court or in the Bankruptcy Court or before a Special Master or “in the courts where they were pending initially.”
 
 Id.
 
 at 265. After a hearing in which these four alternatives were considered, the District Court ordered that the claims should be individually liquidated through adjudication in the various state and federal courts in which they are pending. 37 B.R. 631. The claims, once liquidated, are to be paid from insurance and a reserve compensation fund established by the plan of arrangement confirmed by the Bankruptcy Court.
 

 The principal issue before us arises from the debtor White Motor’s contention on appeal that section 104(a) of the 1984 Act, 28 U.S.C. § 157(b)(5), prevents the District Court from leaving these tort cases in other courts for adjudication. Section 157(b)(5) says that “personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case in pending.”
 

 When read in isolation, section 157(b)(5) seems to support the debtor’s contention that the tort claims may not be liquidated in other courts, as the District Court has ordered; but a reading of the entire law in light of its purpose and history leads to the opposite conclusion.
 

 The new Act has a number of conflicting provisions and is confusing to say the least. It divides bankruptcy matters into “cases,” “proceedings arising under” bankruptcy, “proceedings arising in” bankruptcy, “proceedings related to” bankruptcy and “core proceedings.” No category of cases other than “core proceedings” is defined in any way, and there is no House or Senate report of any kind and no conference report.
 

 There are five sets of sections in the new legislation relating to the subject of “abstention” or the reference of claims and cases brought by or against the debtor to other courts for liquidation through adjudication:
 

 1. The first mention of abstention is in 28 U.S.C. § 1334(c)(1). Section
 
 *272
 
 1334(c)(1), which authorizes reference to other courts in the discretion of the district court having jurisdiction over a bankruptcy case of all “proceedings arising under,” “arising in” or “related to” bankruptcy.
 
 [1]
 

 2.The second pertinent section, 28 U.S.C. § 1334(c)(2), makes it mandatory for the court to abstain in “causes of action” which are “related to” but do not “arise under” or “arise in” bankruptcy if the action in question could not have been brought in the federal court in the absence of bankruptcy jurisdiction, and if a state court can “timely adjudicate” the case. But personal injury cases are not subject to this mandatory abstention provision. 28 U.S.C. §§ 157(b)(2) and (4), defining the so-called core proceedings, which may be heard by
 

 bankruptcy judges, say that although “personal injury tort” and “wrongful death” claims are “non-core” proceedings outside the jurisdiction of bankruptcy judges, such cases “shall not be subject to the mandatory abstention provisions of section 1334(c)(2).” No provision of the new law speaks to the issue of whether such tort cases are subject to the discretionary abstention provisions of 28 U.S.C. § 1334(c)(1).
 
 [2]
 

 3. 28 U.S.C. § 157(b)(5) is quoted above.
 

 4. 28 U.S.C. § 1411(a) provides that in a “personal injury or wrongful death tort claim” the bankruptcy laws do not affect any rights to trial by jury that an individual has under applicable non-bankruptcy law.
 

 5. Section 122 of the 1984 Bankruptcy Act, Pub.L. No. 98-353, § 122, 98
 
 *273
 
 Stat. 333, 346 (1984), makes all the provisions of the 1984 Bankruptcy Act applicable to pending cases, except the mandatory abstention provision and the jury trial provision for tort cases.
 

 The apparent conflict between sections 157(b)(5) and 1334(c)(1) of title 28— the first of which requires tort cases to be tried in federal courts and the second of which allows them to be referred to the courts in which they are pending — came out of the Conference Committee as a compromise after the House and the Senate passed differing bankruptcy bills. The only specific explanation of these compromise provisions is found in the remarks by one of the conferees, Senator Dole, in the Senate debate on the Conference report prior to its adoption by the Senate:
 

 As most of my colleagues are aware, the Senate conferees differed over whether to retain the abstention language found in the original Senate bill. The majority of the Senate conferees — this Senator included — felt that the Senate language was too broad, in that it prohibited the Bankruptcy Courts or the district courts from considering any case that was based upon a State law claim. Mandatory abstention in favor of State courts in those cases was required. The House provision on abstention was, however, limited to Marathon type proceedings and the party seeking abstention would have been required to show that the cause could be timely adjudicated in the State courts before abstention would have been required. The Senate conferees reached a fair compromise on this issue. The result of the Conference discussion was a provision that preserved the integrity of bankruptcy jurisdiction while allowing abstention for personal injury cases where they can be timely adjudicated in State courts. In addition, where abstention does not occur, those cases will be handled by the district court where bankruptcy has been filed or, if that court finds it appropriate, where the claim arose.
 

 130 Cong.Rec. S8889 (daily ed. June 29, 1984)
 

 Although able counsel for the parties did not bring to our attention or in any way refer to the last two sentences of Senator Dole’s remarks, we believe they are significant. ' In his view, the Act “allows abstention for personal injury cases” and only “where abstention does not occur” will the requirement for adjudication in a district court take effect. These two sentences indicate clearly that the conferees contemplated that in liquidating tort cases in bankruptcy, the district court would first decide whether it should leave the cases with respect to which claims have been filed in the bankruptcy court in the courts in which they are pending and then, if it decides against this course, the district court must try the cases itself or send them to the federal court for the district in which they arose. These sentences from Senator Dole’s remarks, plus the fact that section 157(b)(4) of title 28 removes tort cases from mandatory abstention under section 1334(c)(2) but does not remove discretionary abstention under section 1334(c)(1), convinces us that the district court has the authority to leave tort cases in the courts in which they are pending for liquidation there.
 

 The debtor has pointed to no persuasive reason in principle or policy which argues against this construction. For many years, under both the Bankruptcy Act of 1898 and the Bankruptcy Act of 1978, the Bankruptcy Courts have had the authority to lift the automatic stay in such tort cases, as in other cases, and let the cases go forward in their home courts. Our construction works no change in traditional bankruptcy principles. It allows the court to leave the liquidation of individual claims to other courts without undermining complete relief of the debtor.
 

 The statute authorizes abstention in the interest of justice or comity. These requirements are more than adequately met in the circumstances. Since there are other defendants in many of the tort cases against White Motor — defendants who can
 
 *274
 
 not be transferred out of the jurisdiction they are now in — the cases will have to be tried twice in different courts if the district court decides to liquidate the individual cases. This is a strong reason for leaving the cases where they are. In addition, plaintiffs and defendants might be faced with inconsistent rulings and verdicts and multiple res judicata problems. Moreover,
 
 United Mine Workers v. Gibbs,
 
 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a pendent jurisdiction case which discusses somewhat similar issues concerning the exercise of federal jurisdiction, emphasizes that federal courts should be hesitant to exercise jurisdiction when “state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.” 383 U.S. at 726, 86 S.Ct. at 1139. In these products liability cases, state issues clearly predominate.
 

 Finally, in large bankruptcy cases with hundreds or even thousands of tort litigants beating on the door of one federal judge, judicial health and survival, or at least judicial economy and expeditiousness, may depend on the court’s authority to refer cases to other courts. Since the 1984 Bankruptcy Act prevents reference of these tort cases to bankruptcy courts, as in the past, it makes good sense to give the district courts wide latitude in referring the cases through abstention to other courts. Accordingly, this aspect of the judgment of the District Court below is affirmed. Since these cases are to be tried in the courts in which they are now pending, they will be tried according to the forms, procedures and rights of that jurisdiction including forms, procedures and rights respecting trial by jury.
 

 White argues that even if the Bankruptcy Court may abstain and permit state courts to liquidate contingent disputed tort personal injury and death claims, it may not do so after a plan of reorganization is approved, which triggers the permanent statutory injunction of section 524(a) and the discharge of debts that arose before the date of confirmation by reason of section 1141(d)(l)(A)(i). Unlike section 362(a), which expressly provides that the automatic stay of pending cases may be lifted to permit such cases to proceed, section 524(a) is silent as to any exception. However, a modification or temporary lifting of the permanent injunction is necessary for consummation of the plan. Sections 1141-1143 give the court broad powers to consummate the plan. Section 524 must be read in conjunction with the overall purposes of the Code. Congress must have contemplated that plans would be confirmed before all contingent claims can be liquidated in various courts.
 

 The District Court appears to have contemplated that to the extent the liquidated claims are covered by insurance, they could be paid as each one is liquidated. Since the insurance companies are not parties to this proceeding, the District Court’s authority is limited to permitting the claimants to proceed against the insurance companies without waiting to find out what percentage they will be able to claim from the reserve fund, which can only be determined after all claims are liquidated. Were it not for the fact that all parties are in agreement that the insurance coverage is adequate to cover all filed claims, it would be necessary to liquidate all claims before any insurance money was paid out; otherwise, some claimants would receive an unequal portion of the insurance assets of the debtor.
 

 White also argues that the District Court order permits personal injury actions with respect to which no claim was filed in the bankruptcy proceedings to continue to judgment against White and collection of such judgment against White’s insurers. We agree with White that this is error.
 
 [3]
 
 
 *275
 
 All pre-petition claims and post-petition claims against White which have not been filed with the Bankruptcy Court are barred by the statute and the orders of the lower courts. The plan of reorganization deals only with methods and percentages of payments of claims filed with the reorganization court. We express no opinion as to whether the District Court should permit the filing of late claims at this stage of the proceedings.
 

 Permissive absention requires the reorganisation court in exercising its discretion to maintain ongoing supervision over these state court cases to ensure that disposition of no claim is unduly delayed because of the forum in which it is pending. Wholesale abstention as to all claims as a class could otherwise constitute an abuse of discretion, since it would not satisfy the “interests of justice” criterion of the statute.
 

 The judgment of the District Court on the abstention issues is affirmed. The case is remanded to the District Court for further proceedings consistent with this opinion. Each party will bear its own appellate costs.
 

 [1]
 

 . 28 U.S.C. § 1334(c)(1) provides in full:
 

 Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
 

 [2]
 

 . 28 U.S.C. § 1334(c)(2) provides:
 

 Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay .provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.
 

 28 U.S.C. § 157(b)(2) provides:
 

 Core proceedings include, but are not limited to—
 

 (A) matters concerning the administration of the estate;
 

 (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent of un-liquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
 

 (C) counterclaims by the estate against persons filing claims against the estate;
 

 (D) orders in respect to obtaining credit;
 

 (E) orders to turn over property of the estate;
 

 (F) proceedings to determine, avoid, or recover preferences;
 

 (G) motions to terminate, annul or modify the automatic stay;
 

 (H) proceedings to determine, avoid, or recover fraudulent conveyances;
 

 (I) determinations as to the dischargeability of particular debts;
 

 (J) objections to discharges;
 

 (K) determinations of the validity, extent, or priority of liens;
 

 (L) confirmations of plans;
 

 (M) orders approving the use or lease of property, including the use of cash collateral;
 

 . (Ñ) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
 

 (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.
 

 28 U.S.C. § 157(b)(4) provides: "Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2)."
 

 [3]
 

 . We are unable to determine precisely what the District Court has held on this issue. On the question of discharge in general the District Court at page 24 of its opinion (Joint App. 94) says that the confirmed plan "does not discharge” the products claims, but on pages 21, 28 and 34 (App. 98, 101, 104) it says that neither the ongoing corporation, "Northeast Ohio Axle, Inc.,1’ nor the White bankruptcy estate is subject to further liability. On the question of which
 
 *275
 
 products claims may go forward and then be paid from the reserve compensation fund established by the plan, the District Court alludes to claims which have been “timely” filed with the bankruptcy court, as well as claims "deemed” filed or claims permitted to be filed late. (App. 103-04, 107).