**In re UNR INDUSTRIES, INC.; Unarco Industries, Inc.; UNR, Inc.; UNR–Rohn, Inc. (Alabama); UNR–Rohn, Inc. (Indiana); UNR Products, Inc.; Jobal Tube Co., Inc.; and Folding Carrier Corporation, Debtors.**

No. 86 C 6840.

United States District Court,
N.D. Illinois, E.D.

Feb. 2, 1987.

Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., Joe G. Hollingsworth, Spriggs, Bode & Hollingsworth, Washington, D.C., for plaintiff.

J. William Cuncannan, Sarah M. Stegemoeller, Defrees & Fiske, Chicago, Ill., for Official Creditors' Committee of Asbestos-Related plaintiffs.

Matthew D. Carrafiello, Demarco & Carrafiello, Philadelphia, Pa., for James Martin.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

James Martin (Martin) filed a proof of claim in this chapter 11 bankruptcy of UNR Industries, Inc. and related entities (UNR). Martin claims UNR products containing asbestos caused him to contract asbestosis and other illnesses and seeks damages from the UNR estate. UNR objected to Martin's claim and asked the bankruptcy court to hear its objections. Prior to the hearing, this court withdrew the objection from the bankruptcy court to a district court pursuant to 28 U.S.C. § 157(d). *See* Order of September 18, 1986. UNR followed up its objection with a motion for summary judgment against Martin. The case is now before the court on Martin's motion to transfer the summary judgment motion to the District Court for the Eastern District of Pennsylvania. § 157(b)(5).

### I. *Factual Background*

In March, 1980, Martin brought a state law tort claim against Unarco Industries, Inc. and several other manufacturers and suppliers of asbestos and asbestos-containing products. Martin alleged he contracted asbestosis because he was exposed to the defendants' asbestos when employed at the Philadelphia Naval Shipyard.

On July 29, 1982, Unarco Industries filed for Chapter 11 reorganization as part of the UNR bankruptcy. Filed in the Northern District of Illinois, UNR's petitions served to stay the prosecution of Martin's suit and over 12,000 other personal injury suits brought against UNR. Martin has since filed a Proof of Claim with the bankruptcy court.

In June and July, 1986, UNR filed objections to twenty individual claims, including Martin's. UNR chose these particular claimants because they were all allegedly exposed to asbestos in a naval shipyard while working under a government contract. UNR maintains that under the government contract specification defense,[1] UNR is absolutely immune from any liability to the selected claimants.

The bankruptcy court agreed to hear UNR's objections on September 16, 1986. Prior to the hearing, the Official Creditors Committee of Asbestos Related Plaintiffs (Committee) asked this court to withdraw UNR's objections from the bankruptcy court to the district court. UNR did not file an opposing brief. The court decided to invoke its discretionary authority and withdrew the objections from the bankruptcy court pursuant to 28 U.S.C. § 157(d). *See* Order of September 18, 1986. The order, however, expressly reserved the question of which forum should ultimately hear the objections. *Id.*

On September 16, 1986, UNR moved for summary judgment against Martin in the bankruptcy court based on the government contract specification defense. Because of the September 18th order, the summary judgment motion was moved to this court. Martin now asks that the summary judgment motion be transferred to the District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 157(b)(5).

### II. *Discussion*

Congress passed the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Act) to rectify the Bankruptcy Code's jurisdictional defects found by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The Act grants original and exclusive jurisdiction over title 11 cases to the district court. 28 U.S.C. § 1334(a). However, the district courts have original, but not exclusive jurisdiction over civil proceedings aris-

---

1. UNR argues that all the requirements of the government contract specification defense have been met because (1) the government specified the use of asbestos, (2) UNR's product complied with the government's specifications, and (3) the government knew at least as much as UNR knew about the hazards associated with asbestos.

ing under, arising in, or related to a case under title 11. § 1334(b).

The Act divides the proceedings into core and non-core proceedings. Core proceedings may be heard and determined by a bankruptcy judge. § 157(b)(1). The district court may then review the bankruptcy judge's order as a final judgment. *Id.* The bankruptcy judge may also hear non-core proceedings which are otherwise related to the case under title 11. § 157(c)(1). However, the bankruptcy court's findings and conclusions in a non-core proceeding are not final and are subject to *de novo* review. § 157(c)(1).

Congress promulgated special provisions for characterizing proceedings involving a personal injury claim. First, a core proceeding includes, *inter alia,:*

> estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 ... § 157(b)(2)(B).

> \* \* \* \* \* \*

> other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. § 157(b)(2)(O).

Second, a personal injury claim shall not be liquidated in the bankruptcy court. Rather, unless the parties agree to a non-judicial form of resolution,

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending. § 157(b)(5).

**2.** If this motion is deemed a core proceeding as a matter of law, it belongs initially in the bankruptcy court. Thus, the threshold question real-

### A. *Nature of UNR's Motion*

■ UNR argues its summary judgment motion against Martin is a core proceeding which must be heard in this court[2] and may not be transferred to Pennsylvania. The motion is a core proceeding, UNR now suggests, because it has brought the motion solely to confirm a plan and not for purposes of distributing the estate. *See* Debtor's Reply to Objection to Forum at 3.

Indeed, as an earlier decision in this case makes clear, only estimating a personal injury claim for the purpose of distribution is a non-core proceeding deserving a district court trial. *In re UNR Industries, Inc.,* 45 B.R. 322, 326 (N.D.Ill.1984) (Hart, J.). Estimating for other purposes, such as confirming a plan, is a core proceeding properly left to the bankruptcy judge. *Id.*

UNR repeatedly assures the court it seeks to disallow the Martin claim only to confirm a plan. However, despite UNR's stated intention, the motion itself directly impacts Martin's personal injury claim. An absolute defense will be tested against Martin's claim. If a court grants UNR summary judgment, Martin's claim will be disallowed and he will be denied a distribution from the estate. That final judgment would be a far cry from merely estimating the value of an asserted claim in order to produce a workable reorganization plan. True, a decision also will help UNR confirm a plan by assessing the viability of UNR's defense. However, UNR cannot limit a decision's scope by fiat. Rather, the judgment will have the dual effect of helping to confirm a plan *and* binding UNR and Martin for the purposes of distribution. Otherwise, the decision would be a purely advisory opinion on the merits of the contract specification defense.

Hence, as UNR's motion could serve to finally adjudicate Martin's claim for the purposes of distribution, the motion is a non-core proceeding under § 157(b)(2)(B) & (O). A district court should hear the motion as Congress clearly did not intend for the bankruptcy courts to hear personal in-

ly is whether the bankruptcy court or a district court should hear the motion.

jury claims to final judgment. *See* § 157(b)(5); Bankruptcy Amendments and Federal Judgeship Act of 1984, Statements of Legislative Leaders, 130 Cong.Rec. H7492 (daily ed. June 29, 1984) (statement of Rep. Kastenmeier), *reprinted in,* 1984 U.S.Code Cong. & Admin.News 579. The court now turns to the question of the proper venue for the hearing.

B. *Venue*

 The Act directs the district court to determine whether to try a personal injury claim itself or to transfer the proceedings to the district court in which the claim arose. § 157(b)(5). The section does not favor one forum or set forth guidelines for the court to follow in making the forum determination. In addition, while the legislative history suggests Congress rejected a provision which effectively would have required a transfer, it also stopped short of mandating centralized trials in the district court where the bankruptcy is pending. *See id.* at 579. Thus, the court is left to balance the competing interests. The court must protect the interests of Martin without creating an unadministrable situation for the estate.

UNR contends that transferring this type of proceeding would produce inconsistent decisions and deleteriously impact UNR's remaining assets. However, this motion does not present the parade of horribles outlined by UNR. The court is not setting thousands of personal injury cases for trial. Rather, a single summary judgment is at issue. UNR has selected a single claimant in order to test the contract specification defense. A ruling on the defense will help UNR ascertain the viability of many personal injury claims similar to Martin's for the purposes of reorganization. Yet, a precedent established in a federal district court in Pennsylvania—a court well versed in the law of Pennsylvania which governs this motion—will be as valuable as one established by this court.

Moreover, UNR has conceded that defending against it's multi-volume motion will impose a substantial financial burden upon Martin. In a related proceeding before the bankruptcy court, counsel for UNR argued that the estate should cover the fees of two claimants allegedly unable to afford counsel because opposing its summary judgment motion would be so costly. Indeed, counsel went on to state "that even if they had the resources, it would be unfair to tax just the two of them.... [because] it is unrealistic to assume that any individual claimant could afford or ... have enough at stake to litigate with us on the government contract defense." *See* Martin's Reply Exhibit 3 at 28–29. Martin, who brought this tort action in Pennsylvania, resides in Philadelphia, and is represented by Pennsylvania attorneys, is litigating without any assistance from the estate. He should not be forced to shoulder the additional burden of litigating UNR's test case in this district. Thus, the appropriate forum for UNR's summary judgment motion is the District Court for the Eastern District of Pennsylvania.

III. *Conclusion*

The court grants Martin's motion to transfer UNR's motion for summary judgment to the District Court for the Eastern District of Pennsylvania.