**In re NTC OF AMERICA, INC., Debtor.**

**No. 88 C 4724.**

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1988.

Timothy R. Casey, D'Ancona & Pflaum, Chicago, Ill., for plaintiffs.

Deniz N. Gursoy, Winston & Strawn, Chicago, Ill., for defendant.

Kenneth E. Marcus, James D. McGonnagle, Carmel, Baker & Marcus, Ltd., Chicago, Ill., for Committee of Unsecured Creditors of NTC of America, Inc.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

On December 13, 1985 NTC of America, Inc. ("NTC") filed a petition for bankruptcy in the Northern District of Illinois.

Not knowing of NTC's bankruptcy petition, in July 1986 plaintiffs brought a personal injury suit against NTC and others in the Southern District of Illinois.

Before the court is plaintiffs' Motion for Withdrawal and Transfer of Proceedings under 28 U.S.C. § 157(b)(5). NTC and its Committee of Unsecured Creditors ("the Committee") oppose plaintiffs' motion.

## DISCUSSION

28 U.S.C. § 157(b)(5) provides that:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

As several courts have noted, Section 157(b)(5) neither (1) states a preference for one forum over another nor (2) provides guidelines for determining which of the

two possible forums is most appropriate. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009–14 (4th Cir.1986); *In re White Motor Credit*, 761 F.2d 270, 273–75 (6th Cir.1985); *In re UNR Industries, Inc.*, 74 B.R. 146, 149 (N.D.Ill.1987).

In the absence of statutory direction, courts have considered the facts of each case in choosing a forum.

In the present case, plaintiffs' personal injury claim arose in the Southern District of Illinois. Plaintiffs gave several reasons why trial of their personal injury claim should proceed in the Southern District.* For example, plaintiffs argue that: (1) their case has been pending before Judge Stiehl in the Southern District for two years and he is familiar with it; (2) they have retained counsel from the Southern District; (3) other actions arising from the same accident have been filed against NTC and defendants before Judge Stiehl; (4) their own complaint names other defendants who are not within this court's jurisdiction; (5) eleven of plaintiffs' fifteen witnesses live in the Southern District; (6) they are more likely to receive an early trial date in the Southern District. This court finds plaintiffs' arguments to be persuasive.

The counterarguments of NTC and the Committee are without merit. Some of these counterarguments do not address the propriety of this district over the Southern District. Other arguments, which do compare the two districts, are at best speculative. For example, this court does not believe that (1) Judge Stiehl's familiarity with plaintiffs' case will prejudice NTC or the Committee; (2) NTC will be prevented from vigorously defending itself with its chosen counsel in the Southern District; (3) Judge Stiehl will deny NTC sufficient time to prepare its defense; (4) consolidation with the other cases against NTC in the Southern District will prejudice NTC.

## CONCLUSION

After considering the interests of both the plaintiffs and of the estate, this court withdraws the reference to the bankruptcy court and transfers plaintiffs' claim to the United States District Court for the Southern District of Illinois.

* Plaintiffs' motion seeks both to (1) withdraw the court's reference to the bankruptcy court; (2) transfer the case to the Southern District. All parties agree that this court should withdraw the reference under Section 157(b)(5); they disagree only over whether this court should keep the case or should transfer it to the Southern District.