**In re APEX OIL COMPANY; Trinidad Corporation; Mathiasen's Tanker Industries, Inc., Debtors.**

**The ASBESTOSIS CLAIMANTS, Appellant,**

v.

**APEX OIL COMPANY; Trinidad Corporation; Mathiasen's Tanker Industries, Appellees.**

**No. 92–1177.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1992.

Decided Nov. 23, 1992.

Allan Kellman, Detroit, Mich., argued, for appellant.

Deborah Ann Weedman, St. Louis, Mo., argued, for appellees.

Before JOHN R. GIBSON, BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The Asbestosis Claimants, a group of 232 merchant mariners or their representatives, appeal from the order of the district court for the Eastern District of Missouri[1] denying their motion to try their personal injury and wrongful death claims against the Apex debtors[2] in that district, where the debtors' Chapter 11 bankruptcy is pending. Acting under the authority of 28 U.S.C. § 1334(c)(1) (1988), the district court abstained from trying the claims, reasoning that the Judicial Panel on Multidistrict Litigation had transferred the claims to the Eastern District of Pennsylvania in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L.1991). The court lifted the bankruptcy stay so that the claimants could pursue their claims in the Eastern District of Pennsylvania. *In re Apex Oil Co.*, No. 91–1816(C)(3) (E.D.Mo. Dec. 12, 1991). First, the claimants argue that section 1334(c)(1) only authorizes a district court to abstain from trying claims based on state law, whereas their cases are Jones Act and maritime claims. Second, the claimants argue that

---

**1.** The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri. Judge Hungate retired on June 30, 1992.

**2.** Apex Oil Company, Trinidad Corporation, and Mathiasen's Tanker Industries.

the district court's order erroneously stated that the claims should be "liquidated" in the Eastern District of Pennsylvania; this, they argue, contemplates that the claims will proceed to trial in Pennsylvania, whereas the multidistrict panel's order only transferred cases for pretrial proceedings. We affirm the judgment of the district court.[3]

Before Apex filed for bankruptcy, all but twenty-one of the claimants had filed lawsuits against at least one of the Apex defendants in various federal courts around the country, claiming they suffered injuries due to asbestos exposure while aboard the Apex defendants' ships. In each lawsuit the claimants named other shipowners in addition to the Apex defendants, averaging ten defendants per plaintiff. The Apex debtors filed voluntary petitions for chapter 11 reorganization on December 24, 1987. The twenty-one claimants who had not previously sued filed claims in the Apex bankruptcy proceedings. They filed lawsuits against other shipowners, which were consolidated with the multidistrict proceedings, but because of the bankruptcy stay,

they did not name the Apex debtors as defendants.

In the Eastern District of Missouri where the Apex bankruptcy was pending, the claimants moved the district court to try their claims under 28 U.S.C. § 157(b)(5) (1988).[4] The district court held that the claims had been transferred to Pennsylvania and that it was therefore in the interest of justice (and thus, permitted under 28 U.S.C. § 1334(c)(1)[5]) for the court to abstain from trying the claims in Missouri. Slip op. at 7–8. The court also lifted the permanent bankruptcy stay imposed under 11 U.S.C. § 524 (1988), so that the cases might proceed in the Eastern District of Pennsylvania. Slip op. at 9.[6]

■ On appeal, the claimants argue that section 1334(c)(1) abstention is available only for state law claims, not for Jones Act and maritime claims such as the claimants'. The plain language of section 1334(c)(1) provides for abstention when it would serve "the interest of justice, or ... the interest of comity with State courts or respect for State law." (emphasis added). The language of the statute clearly is not limited to state-law cases,[7] since the possi-

---

3. The parties do not raise the issue of whether an abstention decision under 28 U.S.C. § 1334(c)(1) is reviewable. The Second Circuit has recently held that it is. *Ben Cooper, Inc. v. Insurance Co. of Pa.*, 924 F.2d 36, 38 (2d Cir. 1991), *cert. denied,* — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1992).

4. Section 157(b)(5) provides:

   The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

5. Section 1334(c)(1) provides:

   Nothing in this section prevents a district court *in the interest of justice,* or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. (emphasis added).

6. Compare the two-step plan devised by the debtor in *In re Pan American Corp.,* 950 F.2d

839, 842–43 (2d Cir.1991) to accomplish the same result of consolidating bankruptcy cases in a multi-district transfer district.

7. *The Second Circuit has expressed the view that section 1334(c)(1) was intended to codify judicial abstention doctrines manifesting "federal respect for state law and policy," In re Pan American Corp.,* 950 F.2d 839, 846 (2d Cir.1991), and that the concerns addressed by section 1334(c)(1) "are not implicated when federal questions are presented." *Id.* at 847. While these statements are clearly true of part of section 1334(c)(1), they do not take into account the clause we are concerned with here—namely, the language authorizing abstention to serve "the interest of justice." The Second Circuit's seemingly exclusive interpretation is less worrisome when viewed in light of the facts in *Pan American Corp.* The decision involved a district court decision to abstain from transferring state court cases in which state law issues were preempted by *federal* law. The Second Circuit merely held that a federal court need not abstain in the interest of comity in such a case, *id.* at 847, and also noted that the district court apparently applied an erroneous "necessity" standard in determining whether it should transfer under 28 U.S.C. § 157(b)(5). *Id.* at 848.

ble conditions for abstention are stated in the disjunctive. We are obliged to take the statute at its word, *see Patterson v. Shumate,* — U.S. —, —, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992), and we therefore hold it proper for the district court to abstain on the grounds that the interest of justice so requires.[8]

 The claimants contend that the Judicial Panel on Multidistrict Litigation has authority to transfer lawsuits only, not bankruptcy claims, and that therefore the district court's conclusion that their "claims" had been transferred was flawed. This distinction between lawsuits and claims does not negate the fact that the Eastern District of Missouri, with statutory authority, has chosen to abstain while the claimants' lawsuits proceed in the multidistrict transferee court. Even though the "claims" themselves may not have been transferred, we are not convinced that the district court should therefore be obliged to conduct duplicative proceedings. in Missouri, thus squandering the very economies which are the purpose of multidistrict transfer.

 The claimants make the additional point that there are twenty-one claimants who did not have lawsuits pending at the time of the bankruptcy and therefore have never named the Apex debtors in a lawsuit, as opposed to a bankruptcy claim. We regard this as merely a formal, not a substantive stumbling block, since these claimants have filed suits naming other defendants, which are now pending in the Eastern District of Pennsylvania. With the district court's lifting of the bankruptcy injunction, these claimants may proceed against the Apex debtors in Pennsylvania. To require them to do so serves the same purposes as the original order requiring

multidistrict coordination of the other related cases.

Finally, the claimants argue that since the district court's order provided that the cases should be "liquidated" in Pennsylvania, it exceeded the multidistrict panel's order by mandating actual trial in Pennsylvania. This argument is frivolous, since the district court's order clearly recognized that the transfer to Pennsylvania was for pretrial purposes only. Slip op. at 9.

We affirm the judgment of the district court.

---

We do not understand *Pan American Corp.* to stand in the way of our decision in this case.

**8.** Further, we observe that although the issue of whether section 1334(c)(1) was meant to be limited to state-law issues is not squarely raised in *Citibank v. White Motor Corp.,* 761 F.2d 270 (6th Cir.1985), the Sixth Circuit there affirmed a decision to abstain from cases pending in both federal and state courts. To the extent *White*

*Motor Corp.* deals with cases pending in federal courts, its rationale seems to be that many of the cases involved multiple defendants, some of whom could not be transferred to the bankruptcy district. Severance and transfer of the claims against the bankrupt would therefore result in duplicative proceedings. *White Motor Corp.* considered this "strong reason" for abstaining. 761 F.2d at 274. This reasoning applies equally to the cases before us today.