### In re David Mark METZNER

No. CIV. A. 98–2174.

United States District Court,
E.D. Louisiana.

March 16, 1999.

Chester A. Fleming, III, Fleming & Rosamond, Metairie, LA, for Ruth S. Biery.

Douglas Scott Draper, Heller, Draper, Hayden & Horn, LLC, New Orleans, LA, for David Mark Metzner.

Corinne Ann Morrison, James Calvin Young, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, David John Messina, Taylor, Porter, Brooks & Phillips, New Orleans, LA, for Michael Chiasson, trustee.

## ORDER AND REASONS

BARBIER, District Judge.

Before the Court is an appeal from the decision of the Bankruptcy Court sustaining the trustee's objections to the claim of appellant, Ruth Biery. In an order disallowing Biery's claim entered on May 11, 1998, the Bankruptcy Court found that Biery's claim should be disallowed because it had prescribed. Biery appealed to this Court arguing that: 1) the Bankruptcy Court lacked jurisdiction over her medical malpractice claim; and 2) that the claim had not prescribed. For the reasons that follow, the Court agrees with appellant that the Bankruptcy Court lacked jurisdiction over her claim, and thus the order of the Bankruptcy Court should be reversed.

## FACTUAL & PROCEDURAL BACKGROUND

The relevant facts of this matter are largely undisputed. On November 24, 1992, while performing surgery on Biery, the debtor, Dr. Metzner, allegedly committed medical malpractice by puncturing Biery's left eye. On March 15, 1993, Biery filed a request for a medical review panel. On September 1, 1993, Dr. Metzner filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code, and accordingly, all proceedings against him were automatically stayed.

On March 27, 1996, on motion of the trustee, the Bankruptcy Court entered an order modifying the automatic stay to allow Biery's claim to proceed. In that order, the Bankruptcy Court specifically stated that it was retaining jurisdiction to determine the allowance or disallowance of Biery's claim against the bankruptcy estate.

On March 28, 1997, Biery's attorney contacted the trustee's attorney in order to begin the selection of an attorney chairman pursuant to La. R.S. 40:1299.47C. Because the parties could not agree on a chairman, the parties utilized the statutory selection provisions contained in La. R.S. 40.1299.47C(1)(a); the parties reached agreement on May 22, 1997 and so notified the Patients' Compensation Fund by letter the same day.

Notwithstanding this, on June 26, 1997, the Malpractice Insurance Director of the Patients' Compensation fund sent a certified letter to Biery's attorney on June 26, 1997, advising him pursuant to La. R.S. 40:1299.47A(2)(c) that if a chairman were not selected, or a notice sent to the Patients' Compensation Fund requesting a

list of possible attorney chairmen, Biery's claim would be dismissed within 90 days of receipt of the letter. Biery's attorney then sent by certified mail on July 1, 1997 a second notification to the Patients' Compensation fund informing them of the appointment of the attorney chairman on May 22, 1997.

On April 13, 1998, the trustee filed its Objection to Claim ("Objection") in which it asserted that "Biery failed to secure the appointment [of] an attorney chairman for the requested medical review panel until May 22, 1997, more than a year following the entry of the order lifting the stay. Accordingly, her claim has prescribed under R.S. § 40:1299.47 and applicable state law." Trustee's Objection to Claim, para. 12. Over Biery's opposition filed on April 23, 1998, the Bankruptcy Court sustained the objection and disallowed the claim as prescribed.

### LEGAL ANALYSIS

■ In this matter, the Court is confronted with an issue that remains unresolved in the wake of the Supreme Court's holding in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and the subsequent enactment of the Bankruptcy Amendments & Federal Judgeship Act of 1984: what are the limits of bankruptcy court jurisdiction over the state law personal injury claims of claimants in a bankruptcy proceeding?

Title 28 U.S.C. § 157(b)(2) designates as proceedings falling within a bankruptcy court's core jurisdiction:

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12 or 13 of title 11 **but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;**

* * * * * * *

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, **except personal injury tort or wrongful death claims.**

28 U.S.C. § 157(b)(2)(emphasis added).

No consensus has been reached in the courts regarding the effect of the emphasized language. Some courts have construed the statute to mean that while bankruptcy judges are precluded from hearing proceedings to liquidate or estimate personal injury or wrongful death claims for the purpose of determining the distribution payable to such claimants, they are nonetheless entitled to entertain objections to personal injury claims based on state law defenses such as prescription. *See. e.g., In re Chateaugay Corp.,* 111 B.R. 67 (Bankr.S.D.N.Y.1990), *aff'd,* 146 B.R. 339 (S.D.N.Y.1992); *In re Standard Insulations, Inc.,* 138 B.R. 947 (Bankr.W.D.Mo. 1992) (relying on *Chateaugay* ); *In re Aquaslide 'N' Dive Corp.,* 85 B.R. 545 (9th Cir. BAP 1987); *but see In re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir.1990) (specifically rejecting a broad reading of § 157(b)(2) in view of *Marathon* and finding that the bankruptcy court lacked core jurisdiction over state law claim and should have abstained).

In contrast, other courts have held that because the effect of sustaining an objection based upon a state law limitations defense "would effectively liquidate the claim for purposes of distribution", such a proceeding is non-core under the plain language of § 157(b)(2)(B). *In re Schepps Food Stores, Inc.,* 169 B.R. 374, 376 (Bankr.S.D.Tex.1994); *see also In re UNR Indus.,* 74 B.R. 146 (N.D.Ill.1987); *Pettibone Corp. v. Easley,* 935 F.2d 120 (7th Cir.1991) (denying existence of both core and non-core jurisdiction over proceeding involving limitations defense to a personal injury claim).

One commentator has suggested that the distinction between the two groups of cases is that "the cases that have allowed bankruptcy judges to hear all personal injury claims objections have one thing in common: their failure to consider *Marathon* in construing § 157." Comment, *Personal Injury and Wrongful Death Claims in Bankruptcy; the Case for Abstention,* 47 Baylor L.Rev. 151, 172 (Winter, 1995). The Court has reviewed the cases, and agrees with this assessment.[1] Further, it finds that a reading of the applicable statute, with reference to the reasoning of *Marathon* (the impetus for the 1984 amendments), directs a finding in this case that the Bankruptcy Court lacked jurisdiction to entertain the trustee's Objection based upon a state law defense (prescription) which would resolve the merits of the claim.

### The Impact of Marathon

Prior to *Marathon,* bankruptcy court judges, who were subject to removal from office by a judicial council for incompetence, misconduct, neglect of duty, or disability, and whose salaries were subject to adjustment under the Federal Salary Act, could hear all "civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 153(b) (Supp. IV 1980)(Repealed 1984). Because this scheme permitted non-Article III judges to finally adjudicate private rights created by states, which were only tangentially related to the bankruptcy proceeding, the Supreme Court in *Marathon* struck down the 1978 statute on separation of powers grounds, holding that to the extent the 1978 statute permitted non-Article III judges to adjudicate private rights, it was unconstitutional. 458 U.S. at 87, 102 S.Ct. at 2880.

The Court stayed the release of its opinion, specifically designating it as prospective only, until Congress was able to enact new legislation. The 1984 amendments constitute Congress' response to this mandate.

In direct response to *Marathon,* the 1984 amendments contract the powers of bankruptcy court judges, in conformity with their non-Article III status. Under the amendments, jurisdiction of all bankruptcy-related cases and proceedings is vested in the district courts, which in turn, may refer "any or all cases under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Further, the extent of the bankruptcy court's power to enter dispositive orders is determined by a matter's classification as either core or non-core. 28 U.S.C. § 157(b)(3). Final orders may be entered in core matters; i.e., those matters involving "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, [as] distinguished from the adjudication of state-created private rights." *Marathon,* 458 U.S. at 71, 102 S.Ct. at 2871. As for non-core "related to" matters, the bankruptcy court judge may conduct hearings and submit proposed findings of fact and conclusions of law to the district court, which the district court reviews de novo. 28 U.S.C. § 157(c)(1).

In the instant case, the trustee asserts that the Bankruptcy Court's ruling on the objection to Biery's claim falls within the core jurisdiction of the Bankruptcy Court, as a simple matter of disallowing a claim, since § 157(b)(2)(B) specifically classifies allowance and disallowance of claims as core matters. However, this view does not adequately consider the personal injury exclusion contained in § 157(b)(2)(B).

### The Bankruptcy Court Lacks Core Jurisdiction over Biery's Claim

The trustee founds its argument on the logic of the *Chateaugay* opinion, which acknowledged that "cases are clear that a bankruptcy court may not hear proceedings to liquidate or estimate personal injury tort or wrongful death claims for

---

**1.** While the *Chateaugay* court does discuss *Marathon,* it does not give due consideration to *Marathon* 's Article III requirement.

the purpose of determining the distribution payable to such claimants." 111 B.R. 67, 72; *see* Appellee's Brief at 9. The *Chateaugay* court found that proceedings involving state law affirmative defenses were not covered by this exclusion, because disallowance of such claims was not the same thing as liquidation for purposes of distribution. The *Chateaugay* court instead maintained that "[a]llowing or disallowing claims is clearly a separate and distinct function from liquidating that claim." *Id.* at 74. This Court respectfully disagrees that this is always the case. A "disputed debt which is capable of ready determination is liquidated." *In re Loya*, 123 B.R. 338, 340 (9th Cir. BAP 1991) (finding that time-barred claims were liquidated for purposes of 11 U.S.C. § 109(e), since they were capable of ready determination and computation). When disallowing a claim on the basis of a state law defense of prescription results in disposing of the claim entirely, the bankruptcy court *does* essentially liquidate the claim (to zero) for purposes of distribution. As another court has observed, because entertaining an objection based on prescription results in liquidation, under "the plain language of section 157(b)(2)(B), a limitations defense would not be a core proceeding." *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377. To hold otherwise, and classify a proceeding in which a merits determination on a state law personal injury claim simply as "allowance or disallowance of claims" would result in an end run around the Article III requirement stressed in *Marathon.* For the foregoing reasons, this Court finds that the Bankruptcy Court in the instant matter did not possess core jurisdiction over the objection to Biery's medical malpractice claim.

### The Bankruptcy Court Lacks Non–Core "Related to" Jurisdiction Over Biery's Claim

Given the absence of core jurisdiction over the trustee's Objection, the question

arises whether the Bankruptcy Court may entertain it under its non-core "related to" jurisdiction pursuant to 28 U.S.C. § 157(c)(1).[2] However, § 157(c)(1) should not be read in isolation, but rather together with § 157(b)(5) which provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankrupt case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

The clear import of the this provision is that parties are entitled to have an Article III judge make final adjudications on the merits of state law personal injury claims. However, the trustee in the instant case has suggested to the Court that this provision bars a bankruptcy judge only from conducting a full scale *trial* in a personal injury matter, and does not prohibit him from disallowing a claim based upon state law defenses. In response to this assertion, the Court adopts the sound reasoning of *Schepps* which acknowledged that the grant of the trustee's Objection, essentially reducing Biery's claim to a judgment of zero, constitutes a *de facto* trial in violation of § 157(b)(5). *See, In re Schepps Food Stores, Inc.*, 169 B.R. 374, 376 (Bankr.S.D.Tex.1994). Accordingly, § 157(b)(5) "forecloses the possibility that the liquidation of a personal injury claim could be a non-core proceeding under subsection (c)(1) that is subject to de novo review by the District Court." *Id.*

### Other Jurisdictional Arguments

The trustee asserts that notwithstanding the foregoing discussion, the Bankruptcy Court may entertain its Objec-

---

**2.** While not making a specific finding, the Bankruptcy Court in this case proceeded as though its jurisdiction was core, since it issued only an order prepared by the trustee, rather than recommended findings of fact and conclusions of law.

tion because Biery consented to bankruptcy court jurisdiction by filing her claim. However, it is beyond cavil that parties may not consent to the subject matter jurisdiction of federal courts where it is otherwise lacking. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

 The trustee also asserts that a provision of the Louisiana Medical Malpractice Act, upon which Biery's claim is based, provides jurisdiction. That provision states that "a health care provider against whom a claim has been filed ... may raise [a prescription defense] in a court of competent jurisdiction." La. R.S. 40:1299.47(B)(2)(a). This provision has no applicability in the case before the Court, because the Bankruptcy Court is not a court of competent jurisdiction. Thus, this argument too is unavailing.

## *Conclusion*

In conclusion, while consensus is lacking on the question, this Court agrees with the reasoning in *Schepps* that an interpretation of section 157 which gives due consideration to *Marathon* prohibits bankruptcy courts from entertaining objections which amount to dispositive decisions on the merits of state law personal injury claims, as violative of Article III of the Constitution. That is precisely the nature of the ruling made below sustaining the trustee's Objection to Biery's claim on the ground that it had prescribed under applicable state law. Accordingly, the Judgment of the Bankruptcy Court is **REVERSED**.