MAX WEBBER *vs.* PHILIP ROSENBERG.

Suffolk.      October 4, 1945. — December 6, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Tenants in Common.  Partnership,* Property, Termination.  *Real Property,* Partition, Tenancy in common.

A conclusion that at the time of the filing of a petition for partition of real estate it was owned by two persons as tenants in common and not as tenants in partnership under G. L. (Ter. Ed.) c. 108A, § 25 (1), was proper where it appeared that previously they had entered into a formal contract, reciting that they had agreed to dissolve a partnership between them in which they had owned the real estate as tenants in partnership and that there were no partnership debts, and providing in effect for the termination of the partnership and distribution of its remaining assets between them;  and partition properly was decreed under G. L. (Ter. Ed.) c. 241, § 1.

PETITION for partition, filed in the Probate Court for the county of Suffolk on November 17, 1944.

The case was heard by *Wilson,* J.

*S. Mondlick,* for the respondent.

*B. M. Sriberg,* for the petitioner.

WILKINS, J.  This is a petition in the Probate Court for partition of real estate at 75 Charles Street, Boston.  G. L. (Ter. Ed.) c. 241.  The case was heard on documents presented by agreement.  A decree was entered providing for partition, and the respondent appealed.

The judge made a report of the material facts found by him.  G. L. (Ter. Ed.) c. 215, § 11.  The report set forth the exhibits in full.  We reach our conclusions unaffected by the findings of the probate judge where they were based exclusively on documentary evidence.  *Malden Trust Co.* v. *Brooks,* 291 Mass. 273, 279.  *Pitman* v. *Pitman,* 314 Mass. 465, 475–476, and cases cited.

By deed of February 15, 1926, one Andrews conveyed the real estate subject to a mortgage and three leases "to Philip Rosenberg and Max Webber," who were partners

doing business as New England Antique Shop. Since the purchase was made with partnership funds and no contrary intention appears, the real estate became partnership property. G. L. (Ter. Ed.) c. 108A, § 8 (2). *Marston* v. *Marston*, 277 Mass. 129, 132. See *Kavanaugh* v. *Johnson*, 290 Mass. 587, 595. It was, therefore, held by the grantees as tenants in partnership under G. L. (Ter. Ed.) c. 108A, § 25 (1), and not as tenants in common under G. L. (Ter. Ed.) c. 184, § 7. "Probate courts shall have exclusive jurisdiction of all petitions for partition." G. L. (Ter. Ed.) c. 241, § 2. But if the tenancy in partnership continued to November 17, 1944, the date of filing, the petition would not lie. Notwithstanding the fact that G. L. (Ter. Ed.) c. 241, § 1, originally enacted as St. 1917, c. 279, § 1, reads, "Any person, except a tenant by the entirety, owning a present undivided legal estate in land, not subject to redemption, shall be entitled to have partition in the manner hereinafter provided," the passage in 1922 of the uniform partnership act, G. L. (Ter. Ed.) c. 108A, creating tenancies in partnership, did not bring such tenancies within the scope of c. 241, § 1. A contrary interpretation would be inconsistent with other sections of the uniform partnership act designed for the protection of the rights of creditors. See, for example, G. L. (Ter. Ed.) c. 108A, §§ 25 (2) (c), 40.

The basic question is whether the partnership had been terminated. "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." G. L. (Ter. Ed.) c. 108A, § 30. *Shapira* v. *Budish*, 275 Mass. 120, 126. Crane on Partnership, 323. On January 15, 1941, Webber brought a bill in equity against Rosenberg, in part for a winding up of the partnership. The bill of complaint was dismissed on February 3, 1941. In the meantime, on January 28, 1941, the parties entered into a written agreement which, after reciting that in 1940 they had agreed to dissolve the partnership formerly conducting business at 75 Charles Street, provided that the personal property should be divided, and delivery should be made upon the signing of the agreement; that sums due the partnership should continue to be deposited

in the bank; that "all of the partnership debts shall be paid from the bank account as heretofore in the regular course of business"; that "there are no partnership debts outstanding"; that the parties "do hereby release each other from any and all acts, things and performances in connection with the business of the partnership"; and that there "is expressly reserved to each party . . . any claim that each . . . has against the other on account of the common ownership of the property . . . 75 Charles Street." It is clear that the parties have formally agreed that the partnership had ceased to do business and owed no debts. Taking them at their word, we treat the agreement as a termination of the partnership, and in effect as a distribution of its remaining assets, real and personal, to the partners. See *Berwin* v. *Cable*, 313 Mass. 431, 436–437, and cases cited. We agree with the conclusion of the judge that thereafter the parties were tenants in common of the real estate. See Tiffany on Real Property (3d ed.) § 448; 77 Am. L. R. 300; 40 Am. Jur., Partition, § 123.

*Decree affirmed.*