WILBUR D. JOHNSON, administrator, *vs.* AMEDEE MOREAU.

Bristol.    October 25, 1948. — December 7, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Partnership*, Dissolution.

An offer, by one partner to his copartner, purporting to be made under provisions for dissolution in the partnership agreement, was revoked by the death of the offeror before its acceptance.

A partnership, established under an agreement containing a provision that it might be dissolved by a thirty day notice by a partner desiring to withdraw and that he should "first offer" his interest to his partner "at a valuation to be determined" by arbitrators, was not dissolved merely by a letter from one partner to the other "notifying" that he was "dissolving" the partnership "in accordance with the partnership agreement," "offering" to sell his interest to the other partner at a certain price and stating that, if the offer was "not satisfactory" to the other partner, the value was "to be determined by arbitration as set forth in" the agreement.

BILL IN EQUITY, filed in the Superior Court on July 29, 1948, with a writ of summons and attachment dated July 9, 1948.

A demurrer to the bill was heard by *Sullivan*, J.

In this court the case was submitted on briefs.

*G. H. Young*, for the plaintiff.

*J. F. Francis*, for the defendant.

WILKINS, J.   The plaintiff appeals from a final decree dismissing his bill of complaint following an order sustaining the defendant's demurrer.   The bill alleged the following: The plaintiff is the administrator with the will annexed of the estate of Robert Johnson.   On July 15, 1946, Johnson and the defendant executed a partnership agreement, some of the provisions of which were: "It is further agreed between the partners that the said partnership shall continue until dissolved by mutual consent or by a thirty day notice in writing on the part of the person desiring to withdraw to the other member of the said partnership, made in writing, and that the said copartner desiring to withdraw from the said partnership shall first offer all his right, title and interest

in the said partnership and assets thereof to the other partner at a valuation to be determined by three disinterested parties, one of whom shall be named by the party desiring to withdraw, one by the other partner, and the third by the two so chosen. It is further agreed that death shall not terminate this partnership but [it shall] continue until said partnership's assets have been sold, and the estate of the deceased partner shall conduct and continue the business with the surviving partner." On April 16, 1948, Johnson wrote the defendant as follows: "In accordance with the partnership agreement that we entered into on the fifteenth day of July, 1946, I am hereby notifying you that I am dissolving our partnership. I am herewith offering all my right, title, and interest in the said partnership, and assets thereof to you for the sum of seventy-five thousand dollars. If this is not satisfactory to you I desire the valuation to be determined by arbitration as set forth in said agreement. For this purpose I herewith submit the name of James Scowcroft as my nominee to determine the valuation of my share." Johnson died on April 19, 1948. The defendant has taken no action in response to the letter. There are prayers for an appraisal of the business as of April 16, 1948, the alleged date of dissolution, and for an accounting.

One ground of demurrer was that the partnership was dissolved not by Johnson's letter of April 16 but by his death three days later. See G. L. (Ter. Ed.) c. 108A, § 31 (4); *Wolbach* v. *Commissioner of Corporations & Taxation,* 268 Mass. 365, 368; *State Street Trust Co.* v. *Hall,* 311 Mass. 299, 302; *Cavazza* v. *Cavazza,* 317 Mass. 200, 203–204. The letter expressly purports to be in accordance with the agreement of July 15, 1946. Much of its content is consistent only with action under that agreement. There is, therefore, no occasion to consider whether a partner could have dissolved the partnership in contravention of the agreement. See G. L. (Ter. Ed.) c. 108A, § 31 (2). The plaintiff contends that, under the agreement, the letter dissolved the partnership, and that the thirty-day period related merely to the matter of termination. See G. L. (Ter. Ed.) c. 108A, §§ 29, 30; *Webber* v. *Rosenberg,* 318 Mass. 768. The notice, how-

ever, was subject to the provision setting up the mechanics for fixing the amount of an offer which the partner desiring to withdraw was required "first" to make to the other partner, who was under no requirement to accept it. The letter contained two alternate offers, one to sell for $75,000, and the other to sell at a price to be determined by appraisers to be selected under the agreement. Both offers were revoked by the death of the one making them. *Jordan* v. *Dobbins,* 122 Mass. 168. *Browne* v. *McDonald,* 129 Mass. 66. *Hyland* v. *Habich,* 150 Mass. 112. *First National Bank* v. *McGowan,* 296 Mass. 101, 106. *Killoren* v. *Hernan,* 303 Mass. 93, 98. Restatement: Contracts, §§ 35 (1) (f), 48. Williston, Contracts (Rev. ed.) § 62. The partnership was not dissolved by the letter. As the contrary hypothesis was the sole basis of the bill, the demurrer was rightly sustained.

*Decree affirmed with costs.*