SAMUEL PEARL *vs.* MERCHANTS-WARREN NATIONAL BANK OF SALEM, executor. February 29, 1980. By this action for equitable relief commenced in a Probate Court, the plaintiff seeks to obtain from the defendant, the executor under the will of Dudley P. Rogers (Rogers), a conveyance of certain real estate, pursuant to a "Memorandum of Option," dated Janu-

ary 10, 1957, given by Rogers to the plaintiff, and another instrument, dated March 31, 1959, which purportedly confirmed the option and clarified the time and circumstances under which it could be exercised. Both instruments were recorded in 1968 in the appropriate registry of deeds.

The judge made detailed findings of fact and stated conclusions of law based on those findings. See Mass.R.Civ.P. 52(a), 365 Mass. 816-817 (1974). An ensuing judgment was entered for the plaintiff, ordering the defendant to convey the real estate. The defendant appeals. The majority of the panel are of the opinion that there was error.

The controversy centers on the validity of the option agreements. The defendant contends here, as it did below, that (1) the options, being unsupported by considerations or testamentary safeguards, did not survive the death of Rogers, the grantor, and (2) the terms of the options and circumstances of their creation were so unconscionable as to make them void. The judge concluded, however, that the instruments given by the decedent to the plaintiff are "binding upon . . . the defendant" and that "there was no conduct of the plaintiff . . . [in the circumstances] which was inherently wrongful or violated public policy so as to bar [him] from recovery."

1. It is, of course, true that a party may stipulate for the disposition of his property at the time of his decease. *Howe* v. *Watson*, 179 Mass. 30, 39 (1901). See *Hale* v. *Wilmarth*, 274 Mass. 186, 189 (1931); *Legro* v. *Kelley*, 311 Mass. 674, 676-677 (1942). However, in order for such a testamentary stipulation to survive death, it must be supported by consideration. An option given without consideration is revocable at any time by the offeror. 1 Williston, Contracts § 55 (3d ed. 1957). 1A Corbin, Contracts § 263, at 499-500 (1963). See also Restatement (Second) of Contracts § 89B(1)(a) (Tent. Draft No. 2, 1965). A revocable offer is terminated on the death of the offeror. *Johnson* v. *Moreau*, 323 Mass. 481, 483 (1948). See 1 Williston at § 62; Restatement (Second) of Contracts § 48 (Tent. Draft No. 1, 1964). Here, as it is undisputed that there was no acceptance before Rogers' death, no binding agreement could have been formed. See Restatement (Second) of Contracts § 35A (Tent. Draft No. 1, 1964). Thus, we hold that as this option was unsupported by consideration it was terminated by the death of the optionor.

2. Although it is not necessary for us to reach the question whether the option was inherently wrongful or violated public policy, it does not appear that the plaintiff, an attorney, took any unfair advantage of Rogers, his client.

*Judgment reversed.*

*Paul V. Power* for the defendant.

*Harvey Weiner*, for John G. Brooks, amicus curiae, as trustee under the will of Dudley P. Rogers.

*John A. McNiff* for the plaintiff.