**In re EBER–ACRES FARM, a partnership, Debtor.**

**Bankruptcy No. 2–86–04941.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 28, 1987.

David M. Martin, Springfield, Ohio, for debtors.

Frank M. Pees, Worthington, Ohio, trustee.

William B. Logan, Jr., Luper Wolinetz Sheriff & Neidenthal, Columbus, Ohio, for Federal Land Bank.

Albert R. Ritcher, Columbus, Ohio, for Farmers Home Admin.

Jeff Kellner, Baker & Hostetler, Columbus, Ohio, for trustee.

## ORDER DENYING CONFIRMATION OF PLAN AND DISMISSING CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a request by Eber–Acres Farm, a partnership, to confirm a Second Modified Plan of Reorganization ("the Plan") proposed under Chapter 12 of the Bankruptcy Code. Confirmation was opposed by the Federal Land Bank ("FLB") and Production Credit Association ("PCA"). The matter was heard by the Court at which time the Chapter 12 Trustee and the Farmers Home Administration ("FmHA") also appeared. No evidence was presented by the debtor at the hearing.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

This case has been pending without confirmation of a plan since December 10, 1986, a period far in excess of that contemplated by Congress for cases under the newly enacted Chapter 12 provisions of the Bankruptcy Code. Because the debtor appeared to have reached the possibility of an accord with its primary creditors at the time of an earlier confirmation hearing, the Court granted approximately 30 days for the debtor to propose another amended plan which might meet the tests for confirmation. At the time of that extension, the Court raised certain issues of concern relating to a perceived failure by the debtor to distinguish its partnership assets and obligations from the obligations and assets of its individual partners. That concern also extended to the scheduling of such obligations and assets in a manner which could enable the Court to determine if it had the power to authorize any contemplated sales. The Court indicated at that time that confirmation would be difficult if the Plan proposed a sale, but did not resolve the Court's concerns as well as the objections of other parties in interest.

The Plan essentially proposes to sell, by auction, approximately 259 acres of farmland. The proceeds of that auction will be

892

used to pay all or part of the obligations to FLB. Any remaining proceeds will be used to reduce the obligation to FmHA. Other secured creditors are to retain their liens against certain remaining real property, equipment and livestock. To the extent creditors are unsecured, no payments are proposed to be made.

FLB and PCA's objections raise a number of issues. Those relating to the revesting of property of the estate, the interest rate provided in the Plan for secured loans and the typographical error in 11 U.S.C. § 1228(a)(1) which appears to discharge long term debts have apparently been settled between the parties. Other issues remain to be considered by the Court, however. FLB and PCA allege that the Plan does not set out the dates on which payments are to be made to holders of secured claims and that the Plan omits entirely any procedure or terms for paying secured obligations remaining after the auction sale. They assert that such deficiencies make it impossible for secured claimants to determine if their interests are adequately protected or if the Plan properly provides for payment of their claims. At the time of the confirmation hearing, because of the shortened time within which this continued confirmation hearing was held, with leave of the Court, FLB, PCA, FmHA and the Chapter 12 Trustee all raised additional questions relating to the feasibility of the Plan.

■ Before confirmation of a Chapter 12 plan can occur the Court must be satisfied that the tests for confirmation required by 11 U.S.C. § 1225(a) are met. The debtor has the burden of establishing its right to confirmation and objections by parties in interest are heard and considered in that process. Without challenge by objection, the Court probably will presume good faith (§ 1225(a)(3)) and the payment of all fees and costs (§ 1225(a)(2)). If no objections are raised and the Court's independent review of the Plan fails to note any inappropriate provisions, the Court probably will find that all provisions of Chapter 12 and Title 11 have been met (§ 1225(a)(1)) and that the treatment of secured claims is

consistent with the statute (§ 1225(a)(5)). Without evidence, however, with or without objections, in Chapter 12 farm cases this Court is not prepared to find that a deep composition plan has met either the best interests of creditors test under § 1225(a)(4) or the feasibility requirement under § 1225(a)(6). Further, should objection be made which calls into question satisfaction of the disposable income test, evidence may also be required to rebut facts established by the objector on that ground. See § 1225(b).

■ To the extent objecting creditors raise only legal issues, evidence may not be required or helpful. If such objections require factual rebuttal, however, the debtor will not obtain confirmation of a plan without making the necessary record. Even without objections, evidence must be presented to establish that the proposed Plan meets the best interests of creditors and is feasible.

The Court finds that this debtor has failed to establish its right to confirmation of the Plan by failing to meet the following tests set forth in 11 U.S.C. § 1225(a):

### 1. § 1225(a)(1)

■ The debtor failed to provide this Court with any evidence or argument establishing the Court's power and right to order, by confirmation of a plan, the sale of assets owned only by non-debtor partners. Although the real property proposed by the Plan to be sold may be partnership property under state law, no facts leading to that conclusion were introduced into evidence or even informally asserted. That issue was ignored despite the Court's expressed concerns. Without such evidence, the requirements of 11 U.S.C. §§ 363 and 1206, that property being sold be at least partially property of the estate, have not been satisfied. Accordingly, the test for confirmation under § 1225(a)(1) has not been met and the Plan does not comply with the provisions of Title 11 or Chapter 12.

### 2. § 1225(a)(4)

■ The debtor's failure to address which assets and debts are owned by or are

obligations of the partnership rather than the individual partners, causes the Plan to fail to meet the test that "the value ... to be distributed ... on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 ..." ("the best interests test"). 11 U.S.C. § 1225(a)(4). The debtor appears to be offering some property of its partners for payment of the debts of what appears to be an insolvent partnership. Witout considering legal issues impacting upon the applicability of the "jingle rule" or the order by which partnership and partners' assets are utilized to pay partnership obligations, this debtor has failed to separate the partnership's property and debts from those of the individual partners. Although, under the Plan, partners' assets may be offered for partnership obligations where partnership obligations apparently have been secured by interests in partners' property, certain of the assets involved in this case appear to be owned by individual partners and liened only for individual partner's debts. Other assets and obligations of the individual partners may not have been disclosed at all.

Without knowledge of all assets of the individual partners in addition to their interests in the partnership or their assets fully liened for obligations alleged to be partnership debts, the Court cannot find that this debtor has established that its creditors would receive as much by this Chapter 12 plan, which proposes no payment to unsecured creditors, as such creditors might receive were this a case under Chapter 7. In a Chapter 7 case the trustee in bankruptcy would have certain rights against property of the individual partners. See 11 U.S.C. § 723. Without additional information, the Court cannot determine the effect of those rights on creditors of this estate.

■ Apart from the partnership/partner issues, the debtor produced no evidence of the value of its assets by which satisfaction of the best interests test could be determined other than an unverified attachment to its plan setting forth values of real prop-erty, livestock and equipment without indication of ownership. Those values were not discussed at the confirmation hearing nor were they elicited by direct examination or the subject of any cross-examination. While this Court's earlier order may have resolved certain valuations for the purpose of the allowance of secured claims, that order did not relate to the best interests of creditors test set forth in § 1225(a)(4).

### 3. § 1225(a)(5)

■ Both FLB and PCA assert that their obligations have not been treated properly pursuant to § 1225(a)(5)(B). Both FLB and PCA rejected the debtor's plan. FLB may have a portion of its claim unsatisfied after receipt of the net proceeds from the proposed auction, and it is clear that FmHA and PCA will have secured claims remaining after the auction. No mention is made of any repayment of those obligations. Although the Plan refers to three vehicles presumably owned by the debtor, no indication of any repayment schedules or other treatment of those obligations is shown. Because the Plan does not provide any means or schedule for repayment of secured claims other than by payment of net auction proceeds to FLB and possibly to FmHA, those objections must be sustained.

In addition, the assets and obligations of the debtor partnership and its partners are so intermingled that the Court cannot ascertain whether the auction proceeds are to be used to pay obligations of the individual partners and/or the partnership. Certain assets appear to have mortgages against them for obligations of the partnership as well as for those of the individual partners. The debtor has failed to set out the treatment of all secured claims and all partnership and partners' assets in a manner which enables creditors and the Court to determine if repayment is consistent with concepts of adequate protection and the specific requirements for treatment of secured claims set forth in § 1225(a)(5).

### 4. § 1225(a)(6)

■ Despite oral objections by FLB, PCA, FmHA and the Chapter 12 Trustee

and the debtor's duty to establish that it can make the payments proposed, no testimony was presented by a representative of the debtor relating to feasibility. Without such evidence the Court cannot find that the debtor is able to make all payments under the plan and comply with the plan. 11 U.S.C. § 1225(a)(6). Indeed the Court is fairly certain that the income shown only as an attachment to the Plan would not provide for repayment of secured claims were such repayment contemplated.

Based upon the foregoing, the objections of FLB and PCA are sustained as such objections relate to the failure of the Plan to adequately protect their interests. The Court also sustains the oral objections of all appearing parties to the feasibility of the Plan. The Court further finds that the Plan, as proposed, fails to comply with all provisions of Title 11 or Chapter 12 and fails to satisfy the best interests of creditors test. Accordingly, confirmation of the debtor's plan is DENIED and this case is DISMISSED.

The Chapter 12 Trustee is hereby given leave to request allowance of expenses incurred in fulfilling his statutory duties in this case. The debtor shall pay such expense claim within twenty (20) days of its allowance by the Court.

IT IS SO ORDERED.