### In re Robert A. NORMANDIN, Jr., Debtor.

### Robert A. NORMANDIN, Jr., Plaintiff,

v.

### David J. NORMANDIN, et al., Defendants.

### Bankruptcy No. 89–40642.
### Adv. No. 89–4059.

United States Bankruptcy Court, D. Massachusetts.

Oct. 12, 1989.

David M. Nickless, Nickless & Phillips, Fitchburg, Mass., for plaintiff/debtor.

Peter J. Haley, Gordon & Wise, Boston, Mass., for David J. Normandin, Dennis P. Normandin, Mark J. Normandin, Peter J. Normandin, defendants.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Robert A. Normandin, Jr. (the "Debtor") has had a falling out with his four brothers, the Defendants, with respect to their partnership, Five N Leasing Company ("Five N"), and their corporation, Raynor, Inc. ("Raynor"). The Debtor and each of his brothers owns a twenty percent interest in both Five N and Raynor. He brings this complaint under § 363(h) of the Bankruptcy Code [1] for authority to sell the assets of

1. § 363(h) provides:

Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners

both Five N and Raynor and to distribute them pursuant to § 363(j) [2] "according to the interests" of the owners. The Defendants move under B.R. 7012 to dismiss the complaint for failure to state a claim on which relief can be granted.

A partner owns "specific partnership property" as a "tenant in partnership." Mass.Gen.L. ch. 108A, § 25(1) (Law.Co-op. 1985). Section 363 of the Bankruptcy Code grants express authorization, under prescribed conditions, for the sale of the interests of both the estate and any co-owner in property held in joint tenancy, tenancy in common and tenancy by the entirety, with the consideration to be allocated to the various ownership interests pursuant to subsection (j). There is some disagreement among the decisions on whether § 363(h) also permits by implication the sale of interests in property held by tenants in partnership. *Compare Connolly v. Nuthatch Hill Associates (In re Manning)*, 37 B.R. 755 (Bankr.D.Colo.1984) *remanded on other grounds*, 831 F.2d 205 (10th Cir.1987) (tenancy in partnership not covered by § 363(h)); *In re Victory Pipe Craftsmen, Inc.*, 12 B.R. 822 (Bankr.N.D.Ill.1981) (same); with *In re Probasco*, 839 F.2d 1352 (9th Cir.1988) (permitting trustee to sell partnership property under § 363(h); *In re Eber–Acres Farm*, 82 B.R. 889 (Bankr.S.D. Ohio 1987) (Chapter 12 plan denied confirmation because of lack of evidence concerning partnership, court apparently believing that § 363(h) permits sale of partnership property).

■ I conclude that the Debtor may not take advantage of § 363(h). Because tenancy in partnership is a well-recognized form of tenancy, surely Congress would have included it among the tenancies expressly covered by the statute if that were the intention. It is not enough for the committee reports to state that the statute

"permits sale of property held under undivided ownership *such as* a joint tenancy, a tenancy in common, or a tenancy by the entirety." (Emphasis added). *See* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 346 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 56 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5842, 6302. The wording of the statute controls. The decisions permitting use of § 363(h) by a debtor partner do not contain any discussion of the statutory language.

The property interests held by a partner, moreover, present considerations which are quite different from those involved with other forms of a joint ownership. A partner owns more than his interest in specific partnership property. He also holds an interest in the partnership itself, which consists of his share of the profits and surplus. Mass.Gen.L. ch. 108A, § 26 (Law.Co-op. 1985). As a business enterprise, a partnership has a going concern value that is typically greater than the value of its individual assets. The business of the partnership is also frequently the means by which the partners earn a livelihood. Although a bankruptcy filing by one partner dissolves the partnership, upon dissolution the partnership continues until the winding up of its affairs is completed. Mass.Gen.L. ch. 108A, §§ 30, 31 (Law.Co-op.1985). *Webber v. Rosenberg*, 318 Mass. 768, 769, 64 N.E.2d 98, 99 (1945). The partners are permitted to control by agreement the manner in which its affairs are wound up by, for example, providing for continuation of the business and fixing the method for determining the price to be paid to the departing partner. Mass.Gen.L. ch. 108A, §§ 38, 40 (Law.Co-op.1985); 2 A. Bromberg & L. Ribstein, *Partnership*, § 7.13 (1988). These rights and expectancies of the nondebtor partners would be largely frustrat-

outweighs the detriment, if any, to such co-owners; and
  (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**2.** Subsection (j) states:
  After a sale of property to which subsection (g) or (h) of this section applies, the trustee

shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

ed if the debtor partner could force a sale of partnership property under § 363(h). The tail would be wagging the dog, no matter how many non-debtor partners there are. Although § 365 permits a debtor to reject as executory a partnership agreement governing the method of winding up partnership affairs, this can be done only with court approval, which, if granted, gives the non-debtor partners a damage claim pursuant to § 502(g).

There are reasons for denying § 363(h) relief even where there is no partnership agreement on the winding up of its affairs. Because a partnership has liabilities as well as assets, the Uniform Partnership Act spells out the procedure for payment of partnership debts, granting priority to creditors other than partners and requiring a return of capital to partners before any distribution to them of their share of profits. Mass.Gen.L. ch. 108A, § 40 (Law.Co-op.1985). If a partner "wrongfully" causes dissolution of the partnership, he is denied the right to participate in the wind up process, and the damages to the partnership caused by his wrongful action are deducted from his distribution. Mass.Gen.L. ch. 108A, §§ 37, 38 (Law.Co-op.1985). A partner who has filed a bankruptcy petition is also denied the right to participate in the wind up process. Mass.Gen.L. ch. 108A, § 37 (Law.Co-op.1985). Section 363(j), on the other hand, says nothing about payment of partnership creditors or damages for wrongful dissolution; it speaks only of distribution to property owners according to their "interests" after payments of "costs and expenses." In giving a partner's bankruptcy filing the automatic effect of partnership dissolution, and in denying the debtor partner the right to control the wind up process, the drafters of the Uniform Partnership Act clearly contemplated that its provisions and not those of bankruptcy law would control the wind up process. There is nothing in § 363 which expresses a contrary intent on the part of Congress.

The Supreme Judicial Court of Massachusetts has dealt with the somewhat similar question of whether a partner may obtain partition of partnership property under Mass.Gen.L. ch. 241, § 1 (Law.Co-op. 1986) which provides that "[a]ny person, except a tenant by the entirety, owning a present undivided legal estate in land ... shall be entitled to partition in the manner hereinafter provided ..." Despite the broad wording of the statute, the Massachusetts court has held that it does not authorize partition of real estate owned by tenants in partnership because of the provisions of the Uniform Partnership Act as adopted in Massachusetts which are designed for the protection of partnership creditors. *Webber*, 318 Mass. at 769, 64 N.E.2d at 99.

In denying § 363 powers to the Debtor here, the Court does not abrogate its responsibility to see to an expeditious administration of the bankruptcy estate. If the Debtor and his brothers cannot voluntarily consummate the winding up of Five N's affairs according to the Uniform Partnership Act or any applicable partnership agreement among them, the Court would appear to have jurisdiction to dispose of the matter as a "related" proceeding under 28 U.S.C. § 157(c).

■ There is not even an arguable ground for a § 363(h) sale of the assets of the corporation, Raynor. Stockholders have no property interest in corporate assets, only in its capital stock.

A separate judgment dismissing the complaint has issued.