In re Robert Christian WALKER.

Rose COOPER, as administratrix of the estate of Edward Cooper, Deceased, Plaintiff,

v.

Robert C. WALKER, and Walter Dickinson, Trustee, Defendants.

Bankruptcy No. 92–50411S.
CMS No. 93–209.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

March 24, 1993.

Wiley Branton, Little Rock, AR, for Rose Cooper.

Judy Henry, Little Rock, AR, for Farmers Ins. Co.

Gregory Bryant, Little Rock, AR, for debtor.

Walter Dickinson, Little Rock, AR, trustee.

### ORDER DENYING MOTION FOR STAY PENDING APPEAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the "Motion for Stay Pending Appeal" filed by Farmers Insurance Company, Inc. ("Farmers") on March 18, 1993. The debtor is a fourteen year old child incarcerated for the murder of Edward Cooper. The sole debt listed on the petition is the $2,500,000 wrongful death suit filed by the estate of Edward Cooper in state court. The debtor has no income or other tangible assets. At the time of the filing of the petition on August 11, 1992, the sole potential asset of the estate was Walker's parents' home insurance policy. Whether the insurance policy covers the homicide incident is disputed in the state court proceedings. The state law issues of whether Farmers must pay on the policy is a matter for the state court, not the federal courts.

The debtor's discharge was entered on December 29, 1992, and, on January 6, 1993, the trustee filed his Report of No Distribution, thereby abandoning any interest the estate may have had in the insurance policy. On February 10, 1993, the creditor, Rose Cooper, as administratrix of the estate of Edward Cooper, ("Cooper"), filed a "Motion for Partial Lift of the Automatic Stay," requesting that she be permitted to continue litigation of the wrongful death claim in state court.

On February 25, 1993, the Court *sua sponte* dismissed the contested matter because there was no automatic stay in existence to preclude the state court matter from going forward. There being no automatic stay in effect, there was no justiciable issue over which the Court could exert jurisdiction. The debtor and Farmers timely filed a Joint Notice of Appeal on March 8, 1993. The debtor was voluntarily dismissed as an appellant because the appeal "was improvidently filed." Farmers continues to prosecute the appeal, asserting that the Bankruptcy Court erred in entering a *sua sponte* Order before a hearing took place. Farmers now requests a stay "of further proceedings" in state court pending appeal.

The request for a stay of the proceeding must be denied because Farmers has failed to present any grounds for which the proceeding should be stayed. The bankruptcy court has discretion to grant a stay on such terms as are just, pursuant to Rule 8005, Federal Rules of Bankruptcy Procedure. However, the moving party must make a particular showing in order for a stay to be imposed. Specifically, the movant must demonstrate:

(1) it is likely to prevail on the merits of the appeal;

(2) it will suffer irreparable injury if the stay is denied;

(3) the other party will not be substantially harmed by the stay; and

(4) the public interest will be served by the granting of the stay.

*Community Federal Savings and Loan Assoc. v. Stratford Hotel Company (In re Stratford Hotel Company)*, 120 B.R. 515, 516–17 (E.D.Mo.1990).

In the instant case, Farmers has failed to even assert grounds for a stay of the proceeding; it neither raises nor addresses any of the four elements. The motion states only that the state court matter is proceeding and that a stay pending appeal is sought. The failure to even address the elements for the relief requested is sufficient reason to deny the motion for stay.

Even were the issues addressed, no grounds exist for a stay of the proceeding since there is little likelihood that Farmers will prevail on the merits. It is clear that a hearing on a request for relief from stay would be meaningless *since there is no stay to lift.* There is no Order this court can issue which would halt the state court proceedings. If Farmers seeks to extend either the time or the persons protected by the automatic stay under section 362, it needs to file an injunctive action under the Rules of Part VII of the Federal Rules of Bankruptcy Procedure. No such

action has ever been filed or requested. In any event, Farmers has suggested no legal or equitable grounds for such a cause of action.

The motion initiating this matter requested relief from stay. Since there was no automatic stay in effect, there was no issue for the court to decide; there was no stay for the court to lift. Even were the Court to hear the motion for relief from stay, any Order it might issue would be meaningless: a denial of the motion would not reinstate the automatic stay. *The automatic stay was already dissolved by statute. See* 11 U.S.C. § 362(c). This Court will not waste its resources to hear a matter that is so clearly moot.

■ The concept that a justiciable issue must be presented is very basic to a federal court's jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78, 110 S.Ct. 1249, 1253–54, 108 L.Ed.2d 400 (1990). ("federal courts may adjudicate only actual, ongoing cases or controversies"); *Emily Iron Cloud v. Sullivan*, 984 F.2d 241 (8th Cir.1993). Indeed, lack of justiciability deprives the Court of jurisdiction to hear the matter. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir.1986) ("[A] reading of the record indicates that the case has become moot. Because mootness is an element of justiciability and raises a question as to our jurisdiction, we consider the matter sua sponte.... We cannot take jurisdiction over a claim as to which no effective relief can be granted.").

■ Farmers also appears to assert that the Court vacated the permanent injunction of 11 U.S.C. § 524. Farmers is in error. This Court has not issued an order suspending, vacating, ·or modifying in any manner the discharge injunction. The Court merely followed the nearly uniform line of well-reasoned cases which holds that the discharge injunction does not prohibit suit against the insurer. *See, e.g., Matter of Hendrix*, 986 F.2d 195 (7th Cir.1993).

■ Under the relief afforded by the Bankruptcy Code, the debtor has received a discharge and is no longer personally liable for the debt. However, the right of a secured creditor to proceed against property *in rem* survives a Chapter 7 proceeding. *Johnson v. Home State Bank*, —— U.S. ——, ——, 111 S.Ct. 2150, 2152, 115 L.Ed.2d 66 (1991). Thus, the law is clear that debtor's insurance company may yet be liable to pay on the debt despite the individual debtor's discharge in bankruptcy. *See Green v. Welsh*, 956 F.2d 30 (2d Cir.1992); *In re Shondel*, 950 F.2d 1301, 1306 (7th Cir.1991); *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir. 1989); *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 n. 7 (10th Cir.1990) (per curiam); *In re Lembke*, 93 B.R. 701, 702–03 (Bankr.D.N.D.1988); *Arkansas Real Estate Commission v. Veteto*, 303 Ark. 475, 798 S.W.2d 52 (Ark.1990). *Contra In re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir.1985). Indeed, the Seventh Circuit has recently, *sua sponte*, issued an order to show cause to a Chapter 7 debtor's liability ·insurer and its counsel why sanctions should not be imposed based on their "frivolous" appeal in a similar factual situation. *Matter of Hendrix*, 986 F.2d 195 (7th Cir.1993).

Based on this authority and statutory dissolution of the automatic stay, there was no justiciable issue presented by the motion for relief from stay. Accordingly, there is little likelihood that Farmers can succeed on the merits; there are no merits to litigate. Further, since there is no issue for determination, there is no injury if a stay pending appeal is not granted. Denial of the stay pending appeal, like denial of the motion for relief from stay has no effect upon the parties because there was no issue, injury, or right before the Court. Since Farmers has failed to even address, much less carry, its burden regarding any of the required elements for relief, the motion must be denied. It is

**ORDERED** that the Motion for Stay Pending Appeal, filed on March 18, 1993, DENIED.

**IT IS SO ORDERED.**