# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-3229

BOBBY H. FOWLER,

<em>Debtor-Appellant,</em>

v.

SCOTT F. SHADEL,

<em>Respondent-Appellee.</em>

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 04-C-373-C—**Barbara B. Crabb**, *Chief Judge*.

_____

ARGUED JANUARY 19, 2005—DECIDED MARCH 15, 2005

_____

Before CUDAHY, MANION and EVANS, *Circuit Judges*.

CUDAHY, *Circuit Judge*. This bankruptcy case requires us to divine the elusive (and perhaps illusive) nature of an equitable interest in corporate property possessed by a debtor through his ownership of all the shares of capital stock in a closely held corporation. While the parties' contentions and the district court's conclusions have all addressed the general nature of an equitable interest in corporate property, we also trace the changing aspects of such an interest in the dynamics of bankruptcy. Finding that the equitable interest in the property passed with the shares from the debtor to the bankruptcy estate upon filing,

we hold that it could no longer be claimed by the debtor at and after filing. We therefore AFFIRM the judgment of the district court.

## I.

The debtor in this action, Bobby Fowler, is the sole stockholder of Fowler Trucking, Inc., and its sole employee. At issue here is the status and disposition of two pieces of property to which Fowler Trucking, Inc., holds title—a 1990 Mack CH truck and a 2000 Chevy Impala automobile. Fowler drives the Mack truck for his livelihood and uses the Impala as a personal vehicle. Without the truck, Fowler claims that he would be unable to generate income.

On December 29, 2003, Fowler filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Perhaps motivated by a more generous homestead exemption, Fowler elected to pass up the federal bankruptcy exemptions in favor of those permitted under Wisconsin law. While he did not claim his stock in Fowler Trucking, Inc., as exempt, Fowler did exempt his interests in the Mack truck and Chevy Impala owned by Fowler Trucking, Inc., pursuant to certain subsections of Wis. Stat. § 815.18. The trustee then filed an objection to this exemption that was sustained by the bankruptcy court. That court determined that Fowler's interest in the corporation or its property was not such as to give rise to an exemption of the corporate property. On appeal, the district court affirmed the bankruptcy court, holding that Fowler had no legal interest in the corporation's property and thus, just like a stockholder in a publicly traded corporation, could not treat corporate property as his own for exemption purposes, without violating the principles of incorporation. The district court further reasoned that, since Fowler had achieved certain advantages by creating a corporation, such as protecting his own assets from satisfaction of corporate debts, he had surrendered

ownership of the corporate assets together with the right to claim them as property exempt from inclusion in his own bankruptcy estate. A debtor's entitlement to a bankruptcy exemption is a question of law to be reviewed *de novo*. *Matter of Yonikus*, 996 F.2d 866, 868 (7th Cir. 1993).

## II.

On appeal, Fowler asserts that he has an equitable interest in the assets of Fowler Trucking, Inc. since he is sole shareholder, and that this equitable interest entitles him to an exemption from the estate for the Mack truck and the Chevy Impala that are assets of the corporation.

Under 11 U.S.C. § 541(a)(1) (2005), a debtor's bankruptcy estate includes all his legal *and equitable* interests in property as of the commencement of the bankruptcy case. The nature and extent of the debtor's interest in property is governed by applicable state law. Under the state exemption statute, Wis. Stat. § 815.18(3), there is no distinction between legal and equitable interests in property; the statute and its subsections merely state that the "debtor's interest in and right to receive" various types of property, including business and farm property, consumer goods and motor vehicles are exempt. *See* Wis. Stat. § 815.18(3)(b), (d), and (g) (2005). The crux of Fowlers's argument is that his equitable interests in the motor vehicles as sole shareholder are entitled to this Wisconsin exemption. As indicated, the language of § 541(a) expressly includes in the estate equitable interests in property. Thus, Fowler's argument based on the language of the Bankruptcy Code and the language of the Wisconsin exemption statute seems sound enough but closer examination reveals a fatal flaw.

To say that shareholders in a corporation have an equitable interest in the property of the corporation is simply to say that, if the corporation is liquidated (perhaps by decree of a court of equity), the shareholders will become the legal

owners of the corporate property (and a sole shareholder will become the sole owner of that property). In Wisconsin, the concept of a shareholder's equitable interest in corporate property is confirmed by an old case, *Button v. Hoffman. See Button v. Hoffman*, 20 N.W. 667, 668 (1884) ("A conveyance of all the capital stock to a purchaser gives to such purchaser only an equitable interest in the property to carry on business under the act of incorporation and in the corporate name, and the corporation is still the legal owner of the same.").

Here, Fowler could presumably have become the legal owner of the vehicles by dissolving the corporation before filing for bankruptcy and could then have claimed the Wisconsin exemption. However, by filing for bankruptcy first, Fowler's shares of stock passed at the time of filing to the bankruptcy estate and became property of the trustee, who thereby acquired the equitable interest in the corporate property.[1] At that point in time Fowler could no longer claim an exemption based on his claim to an equitable interest in the corporate property because the equitable interest was attached to the shares of stock, which had passed to the trustee. To say that at bankruptcy Fowler could retain an equitable interest in corporate vehicles is to say that upon a subsequent liquidation of the corporation, Fowler would have obtained some legal interest in them as against the trustee. This is impossible. As the owner of the shares in bankruptcy, the trustee could liquidate the corporation and obtain legal ownership of the corporate vehicles, which is

---

[1] The trustee has control over property in the bankruptcy estate for which no exemption is taken, and may exercise the powers that accompany that control. Under 11 U.S.C. § 704 (2005), the trustee must "collect and reduce to money the property of the estate for which such trustee serves . . . ." Moreover, under 11 U.S.C. § 363(b)(1) (2005), the trustee may, after notice and a hearing, use, sell, or lease estate property.

another way of saying that the trustee then possessed the (entire) equitable interest in the property. Thus, Fowler could claim an equitable interest only as the owner of the shares—a status that ended at bankruptcy.

The corporate assets of Fowler Trucking, Inc. are not property of the debtor and therefore cannot become property of Fowler's bankruptcy estate. Hence, the question of an exemption does not arise. *See* 2 COLLIER ON BANKRUPTCY, § 101.30[3], pg. 101-96 (15th ed. rev.) (stating that "while the individual's interest in the partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be."); GINSBERG AND MARTIN ON BANKRUPTCY § 5.01[B] (stating that "the interest in question [an interest included in the estate] must be the debtor's property. For example, if the debtor owns shares in a corporation, the shares become part of the estate; the assets of the corporation do not.").

Bankruptcy courts confronted with this question in other contexts have also held that corporate assets cannot become part of the bankruptcy estate of the debtor shareholder. *In re Murray*, 147 B.R. 688, 690 (Bankr. E.D. Va. 1992) (denying the debtor's motion to enforce an automatic stay because property owned by corporations of which debtor's husband was sole shareholder was not property of the bankruptcy estate because the debtor's equitable interests did not run to the property but only to the stock, and thus there was no present property interest); *In re Russell*, 121 B.R. 16, 17 (Bankr. W.D. Ark. 1990) (stating that "[a] corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owes the corporate debts."); *In re Normandin*, 106 B.R. 14, 16 (Bankr. D. Mass. 1989) (holding that Chapter 13 debtor shareholder was not entitled to a partition sale of a corporation in which he owned stock because ownership of capital stock did not extend to ownership of corporate assets).

Finally, it is noteworthy that, although Fowler could have exempted his shareholder interest in Fowler Trucking, Inc., under the federal "wild card" exemption found in 11 U.S.C. § 522(d)(5), he instead elected to use exemptions permitted under Wisconsin law, presumably to take advantage of a more generous homestead exemption. Therefore, Fowler's unexempted stock and whatever interests attached to it were conveyed to the bankruptcy estate, and thus to the trustee.

## III.

We follow in the footsteps of the bankruptcy court and the district court in expressing our sympathy to Fowler for the consequences of this holding, which will apparently deprive him of the use of the truck by which he generates most of his income. This result apparently could have been avoided by liquidating the corporation before filing for bankruptcy. As the matter stands now, we cannot breath life into an equitable interest that followed the shares of stock, and so must AFFIRM the holding of the district court.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*