### In the Matter of Louis A. LENGACHER, Mary Lengacher, Debtors.

### No. 12–12512.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Dec. 12, 2012.

---

382

Bradley K. Thomas, Thomas Law Firm, P.C., Auburn, IN, for Debtors.

### DECISION ON RICHLAND BANK'S MOTION FOR RELIEF FROM STAY

ROBERT E. GRANT, Chief Judge.

The debtors in this chapter 11 case are the sole owners of two limited liability companies: Manor House Assisted Living, Ltd. and Essen House Restaurant, Ltd. Prior to the petition, Richland Bank had filed two separate actions in the Ohio state courts involving those entities. In one, Manor House was the sole defendant. In the other, Manor House, Essen House, both debtors, and Midwest Senior Living Trust, Ltd., a trust settled by the debtors, were the named defendants. Soon after the debtors' petition for relief under chapter 11, Manor House filed a suggestion of stay in the action against it, suggesting that the matter had been stayed by 11 U.S.C. § 362; the debtors filed a similar suggestion in the action involving them.[1] Although the debtors were not parties to the first case and are only two of five defendants in the second, the state court promptly entered orders staying both proceedings in their entirety.

Rather than asking the state court to revisit its orders, *see e.g., In re Dunbar,* 235 B.R. 465, 472 (9th Cir. BAP 1999) (state court has authority to construe the automatic stay), the bank filed a motion in this court seeking relief from the automatic stay. It does not seek the wholesale termination of the stay. Instead, it wants to do only three things: (1) proceed against Manor House in the first action, (2) proceed against the non-debtor defendants in the second, and (3) to the extent it may be needed, take discovery from the debtors in both actions. Its primary argument is that § 362(a) does not apply to these things and so they are not stayed at all. The matter has been submitted to the court on the parties' stipulations of fact and the briefs of counsel.

The automatic stay of § 362(a) is quite broad. It protects debtors, the trus-

---

1. Counsel in the Ohio litigation is not the same attorney who represents the debtors in this case.

tee, the bankruptcy estate and creditors by, in general terms, staying or prohibiting proceedings and various acts against the debtor, the debtor's property, and property of the bankruptcy estate. *See*, 11 U.S.C. § 362(a)(1)–(8). Despite its breadth, the automatic stay is not infinite. It does have limits. It does not prevent actions against non-debtor co-obligors, debtor's sureties or guarantors. *See, Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir.1991). It does not protect separate legal entities, corporations, partnerships or non-debtor co-defendants in pending litigation. *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir.1993); *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir.1983); *Maritime Electric Co. Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir.1991) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis.... Within a single case, some actions may be stayed, others not."). This remains so even "where the non-debtor is a corporation wholly owned by the debtor." *In re Winer*, 158 B.R. 736, 743 (N.D.Ill. 1993). And the stay does not prohibit taking discovery from debtors in connection with litigation against non-debtors, even if that information might later be used against the debtors. *In re Richard B. Vance & Co.*, 289 B.R. 692, 697 (Bankr. C.D.Ill.2003). *See also, Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 977 (N.D.Ill.1992); *In re Koop*, 2002 WL 1046700, *5 (Bankr.N.D.Ill.2002) (automatic stay did not extend to debtor in his capacity as registered agent for corporation to prevent discovery of corporate assets). Although the stay does protect property of the debtor and the bankruptcy estate, a shareholder has no interest in the assets of a corporation; corporate assets do not become property of a shareholder's bankruptcy estate and are not protected by the automatic stay. *See, Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir.2005); *In re Murray*, 147 B.R. 688, 690 (Bankr. E.D.Va.1992). *See also, Winer*, 158 B.R. at 743 (automatic stay cannot be invoked just because action against corporation will impact the value of debtor's stock).

■ In response to the bank's arguments concerning the scope of the automatic stay, the debtors advocate an expansive interpretation of § 362(a). They argue, albeit only briefly, that "any proceeding against Manor House and Essen House should be considered a proceeding against the Debtors" and, therefore, stayed by § 362(a)(1), because the debtors are the sole owners of those LLCs, their worth contributes value to the bankruptcy estate, which will be lost if the bank is allowed to proceed, and their ongoing operation is vital to the debtors' successful reorganization. The court declines the invitation to read so much into § 362(a). A more literal approach to its language is preferable. The court should not, under the guise of interpretation, expand the stay beyond the limits Congress has established. To do so ignores principles of statutory construction, is bad policy, and, given the other available alternatives, unnecessary.

■ As for principles of statutory construction, the Supreme Court has clearly expressed a decided preference for interpreting the Bankruptcy Code according to its plain meaning, *see, Connecticut National Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992); *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241–42, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989), and nowhere does § 362(a) extend the automatic stay beyond debtors, their property and property of the bankruptcy estate. When Congress wanted a stay to protect non-debtor

co-obligors it said so explicitly. *See,* 11 U.S.C. §§ 1201(a), 1301(a). In light of this, the court should not "interpret" § 362(a) to prohibit actions it plainly does not. Doing so would read things into it that simply are not there. *See, In re Gruntz,* 202 F.3d 1074, 1085 (9th Cir.2000).

■ On a policy level, the court notes that the effect of proceedings in one court upon proceedings in another is for the judge in that case to decide. *Pettibone Corp. v. Easley,* 935 F.2d 120, 123 (7th Cir.1991). *See also, Midway Motor Lodge of Elk Grove v. Innkeepers' Telemanagement & Equipment Corp.,* 54 F.3d 406, 409 (7th Cir.1995) ("the court rendering the first judgment does not get to determine that judgment's effect; the second court is entitled to make its own decision."); *Teamsters Local 282 Pension Trust Fund v. Angelos,* 762 F.2d 522, 525 (7th Cir.1985) (second court decides for itself preclusive effect of first litigation). Consequently, non-bankruptcy courts, both state and federal, have and must have the power to decide whether and to what extent the automatic stay applies to the cases before them. *Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374, 384 (6th Cir.2001); *Dunbar,* 235 B.R. at 472; *Mahurkar,* 140 B.R. at 973. Participating in such an inquiry is not a violation of the stay. *Mahurkar,* 140 B.R. at 973–75. Clear rules and bright lines will enable that decision to be made quickly and easily. *See, Smith v. City of Chicago,* 769 F.2d 408, 411 (7th Cir.1985) ("litigants and the legal system ... have a common interest in easily stated, easily applied rules of procedure. Bright-line rules save the time of litigants and courts for the merits of the disputes...."). A simple, straight-forward approach to the stay provides certainty and offers a better guide to behavior (for all concerned) than expansive interpretations of § 362(a), which would make the scope of the automatic stay depend upon potentially complex factual inquiries into things such as motive or whether there is substantial identity of interest between debtors and non-debtors. *Cf., In re Gruntz,* 202 F.3d at 1085–86 (discussing the criminal proceedings exception to the automatic stay); *Maritime Electric,* 959 F.2d at 1204 (whether litigation is against the debtor is determined by looking at the proceeding at its inception and not its status when the petition was filed); *Mahurkar,* 140 B.R. at 975 (refusing to recognize "equitable exceptions" to the automatic stay).

■ If it is necessary to prohibit conduct that is not addressed by the plain language of § 362(a), the court may do so through § 105. Although this is often referred to as "extending the stay" (and may therefore create confusion as to its true scope) what the court is really doing is issuing an independent injunction prohibiting something § 362(a) otherwise permits. *Patton v. Bearden,* 8 F.3d 343, 349 (6th Cir.1993). These injunctions are issued to "protect the court's jurisdiction," prevent interference with the reorganization process or the administration of the bankruptcy estate, and require unusual circumstances. *See, Id.; Fernstrom Storage,* 938 F.2d at 736. Since the court has the ability to issue such injunctions where they are needed, there is no need to read § 362(a) any more broadly than its plain language suggests.

■ Most of the debtors' brief is devoted, not to arguing that the bank's desired actions are already stayed by § 362(a), but that the automatic stay should be extended to include Manor House and Essen House. That is not something the court is willing to consider in this proceeding. Extending the automatic stay is actually a request for an injunction and Rule 7001(7) of the Federal

Rules of Bankruptcy Procedure requires an adversary proceeding to obtain that kind of relief. *In re Richard B. Vance and Co.*, 289 B.R. at 697; *In re Koop*, 2002 WL 1046700, *7 (Bankr.N.D.Ill.2002). This is a contested matter, not an adversary proceeding. *See*, Fed. R. Bankr.P. Rules 4001(a)(1), 9014(a). Not only is a contested matter not the proper vehicle for seeking injunctive relief, but the request itself is in the nature of some kind of counterclaim against the bank, and the rules permitting the assertion of counterclaims (Bankruptcy Rule 7013 and Rule 13 of the Federal Rules of Civil Procedure) do not apply to contested matters. Fed. R. Bankr. P. Rule 9014(c). Moreover, the summary nature of stay litigation and the limited scope of the issues it presents are such that it is not appropriate to consider counterclaims. *Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1232 (7th Cir.1990).

So, how can the court grant relief from a stay that does not exist? Quite simply, it cannot. Such an order would be meaningless. The only stay that prohibits the actions the bank wants to undertake is the one issued by the state court. Either it has been misinformed about the nature of this proceeding or the scope of the automatic stay or, in the exercise of its discretion, it has decided that since it cannot proceed against the debtors, the entire case before it should be stayed. *See e.g., Mahurkar*, 140 B.R. at 975–77 (choosing to stay action against non-debtor); *Royal Truck & Trailer v. Armadora Maritima Salvadorena, S.A.*, 10 B.R. 488, 491–93 (1981) (after concluding automatic stay did not protect non-debtor co-defendants, court considered whether action could proceed in debtor's absence); *Matter of Johns–Manville Corp.*, 26 B.R. 405, 412 n. 3 (Bankr.S.D.N.Y.1983). Whatever the reason, relief from that stay must be sought from the Ohio courts, not here. *See, Pettibone*, 935 F.2d at 123–24. The bank's motion for relief from stay is moot. *Accord, In re Walker*, 151 B.R. 1009, 1011 (Bankr.E.D.Ark.1993).

An appropriate order will be entered.