In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 14-3576

JOHN CARROLL and
CATHERINE M. CARROLL,

*Debtors-Appellants.*

*v.*

JOJI TAKADA,
Chapter 7 Bankruptcy Trustee,

*Trustee-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13-CV-05995 — **Edmond E. Chang,** *Judge.*

_____

ARGUED JANUARY 17, 2017 — DECIDED JULY 18, 2017

_____

Before EASTERBROOK, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* In their Chapter 7 bankruptcy petition, John and Catherine Carroll claimed a $30,000 exemption for Catherine's interest in a trust settled by her since-deceased parents. The bankruptcy trustee objected, and the bankruptcy court sustained the objection and struck the exemption. The district court affirmed and so do we. Catherine's trust interest fully vested before the Carrolls filed

for bankruptcy, so the property belongs to the bankruptcy estate.

## I. Background

In 1993 Catherine Carroll's parents, Henry and Mary Anna Miskowicz, settled an *inter vivos* trust with real estate as the trust property. Several trust provisions are relevant to this appeal. First, the trust document included a standard spendthrift provision meant to shield the trust's future benefits from the reach of beneficiaries and their creditors. Second, the document contained a distribution provision directing the trustee to evenly divide all remaining principal among the Miskowiczes' three children at the time of the surviving spouse's death. Any share belonging to a child who did not survive the surviving spouse by 60 days would go to the child's successors. Finally, the trustee was given discretion to delay the distribution for six months.

Henry survived Mary Anna and then died in July 2012. Catherine and her husband, John, filed for Chapter 7 bankruptcy seven months later in February 2013. They claimed $30,000 for "Wife's Father's Estate" (in reference to Catherine's interest in one-third of the trust proceeds) as property exempt from liquidation under 11 U.S.C. § 522. Michael Berland, then the trustee of the Carrolls' bankruptcy estate, objected to the exemption on the ground that Henry's death gave Catherine an immediate and unconditional right to receive her interest in the trust property.[1] That right, he argued, removed the interest from the purview of the trust's spendthrift provision. The bankruptcy court agreed. On appeal the Carrolls insist that the spendthrift provision shields the interest from the bankruptcy estate.

---

[1] Berland has since retired and was replaced by Joji Takada.

**II. Discussion**

Whether a bankruptcy petitioner is entitled to keep certain property from creditors is a legal question that we review de novo. *Fowler v. Shadel*, 400 F.3d 1016, 1017 (7th Cir. 2005). The Bankruptcy Code allows debtors to retain certain property through bankruptcy. A future interest in a trust, for example, is excluded from the bankruptcy estate when "applicable nonbankruptcy law" restricts its transfer. *In re Baker*, 114 F.3d 636, 638 (7th Cir. 1997) (quoting 11 U.S.C. § 541(c)(2)).

The relevant nonbankruptcy law in this case is an Illinois statute that prevents creditors from reaching property held in a valid spendthrift trust. *See* 735 ILL. COMP. STAT. 5/2-1403 (1999). Since a debtor-beneficiary has no control over spendthrift-trust property, the logic goes, creditors shouldn't be able to access the property either. But the statute no longer applies when the trust property is distributed to the debtor-beneficiary. *See In re Sharp*, 860 N.E.2d 539, 549 (Ill. App. Ct. 2006). Once the property is alienable, the spendthrift clause ceases to exclude the property from the bankruptcy estate.

Here the unambiguous terms of the trust document gave Catherine a vested right to one-third of the trust residuum 60 days after her father's death. The document directed that "[a]t the surviving spouse's death, the trustee shall distribute the remaining Trust Estate" to the Miskowicz children (or their successors) in one-third shares. That language leaves no room for discretion. The Carrolls point out that the document allowed deferral of the distribution for six months. But the same provision also clarified that "[w]hen the trustee so defers, … all beneficiary rights in those trust assets shall accrue and vest" as of "the time prescribed in the

absence of this paragraph." Once Henry died, vesting was delayed only by the uncertainty of whether Catherine would survive him by 60 days. Catherine's interest fully vested when that 60-day mark was reached in September 2012, several months before the Carrolls filed for bankruptcy.

Some confusion arises from the fact that the Carrolls initially listed the trust interest as a § 522 exemption. Section 522 of the Bankruptcy Code facilitates the debtor's fresh start by allowing the debtor to "exempt" from liquidation certain essentials (like a home or car) that have been surrendered to the bankruptcy estate. *See Rousey v. Jacoway*, 544 U.S. 320, 325 (2005). Section 541(c)(2), on the other hand, concerns property (like a spendthrift-trust interest) that doesn't belong to the debtor at the time the bankruptcy petition is filed. Such property is excluded from the bankruptcy estate altogether. *See Owen v. Owen*, 500 U.S. 305, 308 (1991) ("No property can be exempted … unless it first falls *within* the bankruptcy estate.").

The Carrolls contend that because the relevant statutory provision is § 541(c)(2), not § 522, it was procedurally improper for the bankruptcy court to decide the issue by sustaining the trustee's objection. They suggest that a court may consider a § 541(c)(2) exclusion claim only pursuant to a separate adversary proceeding. But the trustee's objection and the bankruptcy court's ruling simply responded to the Carrolls' own § 522 exemption claim. Catherine's trust interest is neither exempt nor excluded from the bankruptcy estate, so the trustee's objection was properly sustained.

AFFIRMED.